# Farley, *et al. v.* Mobile & Ohio R. R. Co.

*Action for Damages for Loss of Property by Fire.*

(Decided Jan. 16th, 1907.  42 So. Rep. 747.)

1. *Railroads; Setting Fire; Negligence; Evidence.*—The plaintiff made a prima facie case raising the presumption of negligence of the defendant in setting fire among the stubble.  The defendant made full proof of the proper equipment and handling of its engine, thus shifting the burden back to the plaintiff.  Held, evidence, that a quarter of a mile from the place of the fire, and while going up grade, the locomotive emitted a great deal of sparks, and that several fires during a number of years were occasioned by sparks from defendant's engine, was not sufficient to raise a conflict in the evidence as to the proper equipment and handling of the locomotive.

2. *Appeal; Review; Harmless Error; Instruction.*—Where the general charge is properly given for defendant, the refusal to give charges requested by plaintiff asserting correct legal propositions is harmles error.

3. *Trial; Instructions; Assumption of Fact.*—A charge for plaintiff postulating a finding in his behalf on a disbelief by the jury of defendant's evidence, assuming as a fact that plaintiff has made out his case, is properly refused.

APPEAL from Tuscaloosa County Court.

Heard before Hon. H. B. Foster.

Action by Charles F. Farley and others against the Mobile & Ohio Railroad Company.  Judgment for defendant, plaintiffs appeal.  Affirmed.

This was an action for the recovery of $180 damages for destruction by fire of 18 tons of hay alleged to have been caused by sparks emitted from one of defendant's engines.  The defendant interposed the plea of the general issue.  The evidence tended to show that the hay

was in a field in shocks or ricks near the defendant's right of way, and was burned. The evidence tended to show that the grass was dry in the fields and along the right of way, and that, soon after the local freight train belonging to defendant passed this field going south, the hay ricks were discovered to be on fire. It was further shown that the grass and stubble were burned without a break from near defendant's right of way to the hay rick. The evidence for defendant, and its tendencies, together with the tendencies of the rebuttal evidence introduced by the plaintiff, is sufficiently set out in the opinion of the court. A number of charges were requested by the plaintiff and refused by the court, but it is not necessary to here set them out.

DANIEL COLLIER, and M. T. ORMAND, for appellant.— Proof of the mere fact that the property was damaged or destroyed by fire having escaped from a passing engine is prima facie evidence of negligence in the construction and management of such engine.—*L. & N. R. R. Co. v. Reese*, 85 Ala. 501. As to the shifting of the burden and the conclusiveness of presumption above stated, see *A. G. Ry. Co. v. Taylor*, 129 Ala. 245; *L. & N. R. R. Co. v. Marbury Lbr. Co.*, 125 Ala. 237; *Malone's Case*, 109 Ala. 507. The court improperly gave the affirmative charge for defendant.—Authorities supra. Charges asked by plaintiff should have been given. *A. G. S. Ry. Co. v. McAlpine*, 80 Ala. 73; *Geiboldt v. Rogers*, 110 Ala. 445; 115 Ala. 100.

J. M. FOSTER, for appellee.—The uncontradicted evidence for the appellee completely rebutted the prima facie presumption and negligence and the genral affirmativ charge for defendant was properly given.—*L. & N. R. R. Co. v. Marbury Lbr. Co.*, 125 Ala. 237; *Reese's Case*, 85 Ala. 502; *Malone's Case*, 109 Ala. 516. The refusal of the three written charges asked by plaintiff was proper.—*Koch v. The State*, 115 Ala. 99.

DOWDELL, J.—The plaintiffs introduced evidence of facts from which it was open to the jury to reasonably infer that the fire which destroyed plaintiff's prop-

[Farley, et al. v. Mobile & Ohio R. R. Co.]

erty originated from sparks emitted from a passing locomotive of the defendant company and falling into the dry grass and stubble near the right of way of the railroad from whence the fire was communicated to the ricks of hay in question. There was no positive or direct proof of any act of negligence on the part of the defendant or its servants; the same being only inferential. The evidence, however, was sufficient under the well-settled rule of law to raise a presumption of negligence in the equipment of the locomotive or it handling, casting upon the defendant the burden of showing proper equipment and handling of the locomotive to overcome the presumption so raised. In order to meet the prima facie case thus made by plaintiff's evidence, the defendant introduced evidence showing that the locomotive was at the time properly equipped with a spark arrester and such other applinces as were in use by well-regulated railroads, that the same were in good repair and proper condition, and that the locomotive was at the time properly and skillfully handled. This evidence was without dispute, and by it the presumption arising from the plaintiff's evidence was met, and the burden shifted back to the plaintiffs. The only evidence offered in rebuttal by the plaintiffs was the testimony of one Monroe Fair, which was as follows: "That he lived in the neighborhood of Duncanville, Ala., which is a station of defendant company in Tuscaloosa county, Ala.; that he saw the train going south on the morning of the 24th day of October, 1904, between 9 and 10 o'clock, and about one-fourth of a mile south of where the hay was burned; that the said train was the south-bound local freight, which passed by that place about that time every day going south; that he was near the track as it passed by him at said place, and that as it passed him a great deal of sparks were being emitted from said engine; that the train was blowing and puffing as it passed him; that it was upgrade for several hundred yards north of the shocks of hay." The bill of exceptions recites: "Witness further stated that he put out fires several times, which caught from sparks emitted by engines of the defendant company, during a period of several years."

The purpose of this testimony doubtless was, and, indeed, such is the contention of appellants' counsel, to raise a conflict in the evidence as to the proper equipment and handling of the locomotive, such as to require a submission of the determination of that question to the jury. But does it raise such a conflict? It will be observed that the testimony of the witness as to emission of sparks by the engine about a fourth of a mile south of where the fire occurred was that "a great deal of sparks were being emitted from said engine." At this particular place and time the engine with the train was going upgrade, and in the language of the witness was puffing and blowing as it passed him." It is not shown that the sparks which were emitted were in unusual quantities or of unusual size. The facts shown are not at all inconsistent with what may or might be usual and common under like circumstances with all locomotives with proper equipment and appliances and being skillfully handled and operated on other well-regulated railroads. There is a difference between a "great deal" of sparks, and sparks in "unusual quantities" and of "unusual size." The latter would afford reasonable inference of defective equipment or of unskillful handling of an engine, while the former would not. The fact that several fires during a period of several years, had been occasioned by sparks from engines of the defendant company, it not being shown that the locomotive in question was one of such engines, is of no weight or consequence. Under the doctrine laid down in the cases of *L. & N. R. R. Co. v. Reese,* 85 Ala. 497, 5 South. 283, 7 Am. St. Rep. 66; *L. & N. R. R. Co. v. Malone,* 109 Ala. 509, 20 South. 33, and *L. & N. R. R. Co. v. Marbury Lumber Co,* 125 Ala. 237, 28 South. 438, 50 L. R. A. 620, on the whole evidence, the defendant was entitled to the general affirmative charge as requested.

The court, having given the general charge for the defendant, committed no reversible error in refusing to give the written charges requested by the plaintiffs. See case of *Koch v. State,* 115 Ala. 99, 22 South. 471. Independent of the principle stated in the *Koch Case, supra,* the charges were properly refused on other grounds. Each of these charges postulated a finding for the plain-

tiffs on the disbelief of the jury of the defendant's 'evidence, and assuming as a fact that the plaintiffs' had proven their case.

We find no error in the record, and the judgment will be affirmed.

Affirmed.

TYSON, C. J., and SIMPSON and ANDERSON, JJ., concur.

*Action for Damages for Injury to Property.*

