# Amer. Cast I. P. Co. *v.* Landrum.

## *Injury to Servant.*

(Decided May 1, 1913.   Rehearing denied June 19, 1913.
62 South. 757.)

1. *Master and Servant; Injury to Servant; Sufficiency of Evidence.*—In an action for injuries to a servant, where there was no evidence to show that the injury was caused by defective appliances furnished by the master as charged, except the fact that the accident happened, and the inference was just as reasonable that it was caused by plaintiff's negligence, or that it was the result of an inevitable accident occurring without the negligence of anyone, the employee was not entitled to recover.

2. *Same; Contributory Negligence.*—Where it was the duty of an employee to adjust the pins in a clevis by means of which a core used in hoisting was attached to the hoisting apparatus, he could not recover for injuries caused by the core falling due to his own failure to properly insert the pin.

3. *Same; Burden of Proof.*—Negligence on the part of the master cannot be inferred from the mere fact that an injury happened to an employee and the burden is on the injured employee of showing negligence of the master as an affirmative fact, and he does not sustain such burden by showing that the employer may have been negligent.

4. *Same; Question for Jury.*—Where the testimony shows that any one of several things may have been responsible for the injury, for some of which the employer is responsible, and for some of which he is not, the jury should not be permitted to guess as to the real cause of the injury when there is no satisfactory foundation in the testimony for that conclusion.

(McClellan, J., dissents.)

APPEAL from Jefferson Circuit Court.

Heard before Hon. E. C. CROWE.

Action by John Landrum against the American Cast Iron Pipe Company for damages for injuries received while in its employment.   Judgment for plaintiff and defendant appeals.   Reversed and remanded.

J. T. STOKELY, and R. H. SCRIVNER, for appellant. Counsel discuss errors assigned relative to the pleadings

[American Cast Iron Pipe Co. v. Landrum.]

and to the admission and rejection of evidence, and in- sist that prejudicial error had been committed. They further insist that there was no conflict in the evidence, and nothing from which the jury could determine as to just how the accident happened, and that therefore plaintiff failed to carry the burden of affirmatively showing negligence on the part of the master, and that the verdict should have been directed for defendant.— *Peters v. So. Ry.,* 135 Ala. 533; *Richards v. Sloss-Sheffield,* 146 Ala. 254; *L. & N. v. Binion,* 14 South. 619; *L. & N. v. Davis,* 91 Ala. 487; *L. & N. v. Lowe,* 48 South. 99; *L. & N. v. Campbell,* 12 South. 474; *Tuck v. L. & N.,* 12 South. 168; *T. C. & I. Co. v. Harmes,* 52 South. 827; *Seaboard M. Co. v. Woodson,* 11 South. 877.

DENSON & DENSON, for appellee. The evidence was such that the jury could reasonably have inferred that the accident happened because of the negligence of the master, and this being true it was wholly, immaterial how long it had existed before the accident.—*L. & N. v. Hawkins,* 92 Ala. 244; *Tuck v. L. & N.,* 98 Ala. 152. The evidence was certainly sufficient to carry the question to the jury.—*Elliott v. R. M. C. I. Co.,* 108 Ala. 642; *Cobb v. State,* 115 Ala. 625; *Pell City M. Co. v. Cosper,* 55 South. 216.

SAYRE, J.—Defendant (appellant) was engaged in making iron pipe. Plaintiff was its employee. Count 2 averred that plaintiff's injury was caused by a defect in defendant's apparatus for hooking up cores. Count 3, which was added during the progress of the trial, averred that the plaintiff's injury was caused by the negligence of defendant's superintendent in that he "negligently allowed the pins which held the cores in the shacks to be made weak and brittle." The fact was

that after the core was drawn up out of the pit, in which it stood while receiving the molten iron, in some way it became detached from the chain by which a crane had lifted it and fell upon plaintiff (appellee), causing the injuries for which he sought to recover.

Appellant has argued the proposition that count 2 insufficiently designated and described the part of defendant's works or plant alleged to be defective, and hence that there was error in overruling its demurrer. But, in the view we have taken of the case, we have not found it necessary to pass upon the question so raised.

In lifting cores from the pit the hoisting apparatus of a crane was attached to the core by means of a clevis, or shack, and a pin which passed through the holes in the clevis and the core. It was plaintiff's business to adjust these pins when the core was ready to be lifted and then, after the core had been lifted, to detach the lifting apparatus by withdrawing the pin. The clevis and pins would take up some heat from the metal of the pipe, but on ordinary occasions, when things were moving normally, the pins did not get so warm but that plaintiff and other employees might safely handle them with leathers which were supplied by defendant and commonly used by employees, but when some hitch occurred in the operation the pins would become so hot that they could not be so handled. Occasionally also the pins would, when heated to an unusual degree, bend under the strain of lifting the cores from the pit.

Plaintiff sought to show that defendant followed or allowed its employees to follow the bad practice of cooling the pins by dipping them in a barrel of water when they became overheated, thus so impairing their strength and efficiency that under the weight of the cores they would either bend or break, and his evident purpose was to have the jury infer that on the occasion of plaintiff's

injury the pin then and there in use either bent or broke, and the jury, it seems, did so infer.

Upon due consideration of all the evidence, we are of opinion that the inference was not warranted. There was nothing offered on plaintiff's part to show that the pin in this case either bent or broke except that the accident happened and had to be accounted for in some way. On the other hand, defendant's evidence tended strongly to show that the pin neither broke nor bent, but that it fell from its place after the core had been lifted from the pit and while it was being transferred, or being prepared for transfer to a car for removal, and from this it might have been inferred that it fell from its place because it had not been properly inserted. But as we have said it was plaintiff's business to insert the pin, and of course it was his duty to insert it properly. If his injury resulted from his failure to do so he cannot recover.

Negligence on the part of the master is not to be inferred from the bare fact that an injury happens to his employee. The complaining employee assumes the burden of showing as an affirmative fact that the employer has been guilty of the negligence charged in the complaint. It will not serve his purpose to show that his employer may have been negligent; the evidence must point to the fact that he was. In this connection we quote the apt language of the Supreme Court of the United States in *Patton v. Texas Pac. R. Co.*, 179 U. S. 658, 21 Sup. Ct. 275, 45 L. Ed. 361: "Where the testimony leaves the matter uncertain and shows that any one of half a dozen things may have brought about the injury, for some of which the employer is responsible and for some of which he is not, it is not for the jury to guess between these half a dozen causes and find that the negligence of the employer was the real cause, when

[American Cast Iron Pipe Co. v. Landrum.]

there is no satisfactory foundation in the testimony for that conclusion. If the employee is unable to adduce sufficient evidence to show negligence on the part of the employer, it is only one of the many cases in which the plaintiff fails in his testimony; and no mere sympathy for the unfortunate victim of an accident justifies any departure from settled rules of proof resting upon all plaintiffs."

Our conclusion is that there was not sufficient evidence to authorize a finding for the plaintiff on the issues proposed to the jury by the pleading. The jury with equal assurance might have found that plaintiff's unaided negligence was the cause of his injury, or that it was the result of one of those inevitable accidents which may occur in the course of every business without culpable neglect on the part of anybody, and in this state of the case defendant was entitled to the general charge.

Reversed and remanded.

ANDERSON, MAYFIELD, SOMERVILLE, and DE GRAFFEN-RIED, JJ., concur. McCLELLAN, J., dissenting. DOW-DELL, C. J., not sitting.

McCLELLAN, J.— (dissenting).—The trial court refused the general affirmative charges, requested by the defendant (appellant), as to counts 2 and 3. Under the evidence shown by the bill of exceptions, it is my opinion that the trial court did not err in that action. Accordingly, I cannot concur in the view prevailing with the majority.

The second count attributes the injury to a defective apparatus for hooking up cores. The third count attributes the injury to the superintendent (Samples) for that he "negligently allowed pins which held the

[American Cast Iron Pipe Co. v. Landrum.]

cores in the shacks to be made weak and brittle." The
fact of injury and the relationship of master and serv-
ant was shown without dispute. The superintendency
of Samples in the premises was supported by tendencies
in the evidence. If I understand the effect of the major-
ity opinion, it is, that there was no evidence of defective
apparatus, in the particular that a pin, constituting a
part thereof, was insufficient or inefficient for the pur-
pose; and, also, that there was no evidence that the su-
perintendent was negligent in that he allowed the pins
which held the cores to be made weak and brittle.

I have carefully read the bill of exceptions; and it is
clear to me that there is evidence tending to support
the counts in the respects the contrary is ruled here.

In view of the retrial likely to occur, it is not neces-
sary or desirable that a discussion of the evidence be
now undertaken by me.

In my opinion *Patton v. T. & P. R. Co.*, 179 U. S. 658,
21 Sup. Ct. 275, 45 L. Ed. 361, is without any applica-
tion to this case. The doctrine of that case was an-
nounced and applied in *Tinney v. C. of Ga. Ry. Co.*, 129
Ala. 523, 30 South. 623; and *Miller-Brent Co. v.
Douglas*, 167 Ala. 289, 52 South. 414, among others.
There being evidence, and reasonable inference there-
from, supporting the material averments of the counts,
there could be no uncertainty within the doctrine of the
*Patton, Tinney* or *Douglas Cases*. If, as the majority
hold, there was no evidence whatever to support materi-
al averments of the counts, then the plaintiff was due to
fail for want of evidence to carry the burden assumed
by him.