166 So.2d 851

**Maude M. TURNER**

**v.**

**MOBILE INFIRMARY ASSOCIATION.**

**1 Div. 161.**

Supreme Court of Alabama.

June 18, 1964.

Rehearing Denied Aug. 27, 1964.

Diamond, Engel & Lattof, Mobile, for appellant.

Johnston & Courtney, Mobile, for appellee.

MERRILL, Justice.

Appeal from a verdict and judgment in favor of the appellee resulting from the giving of the affirmative charge with hypothesis in favor of the defendant when the plaintiff rested her case. The suit was for alleged injuries received by her when she slipped and fell on the terrazzo porch of the appellee hospital when she was entering it to visit her daughter who was a patient.

The complaint was in one count and appellant alleged that her injuries and damages were caused as a proximate consequence of the negligence of appellee in that appellee negligently maintained the porch floor at the place where appellant slipped and fell in an unsafe condition for the use of invitees at the hospital. The appellee pleaded the general issue and contributory negligence.

On September 10, 1961, appellant left her home about 8:00 A. M. to go to the hospital. It had been raining and there was a hard shower while she was driving to the hospital, but the rain had stopped when she reached the hospital. The covered porch at the hospital is kidney-shaped with the steps at the ends of the porch nearer the street than the main entrance in the center of the porch.

Appellant walked up the steps at the east end of the porch, took three or four steps, slipped and fell and sustained a serious fracture of her right ankle. She testified that the terrazzo floor of the porch was wet and very slippery. She noticed water on the floor when she fell, but no foreign substance, and she did not see any cracks or chips in the floor.

According to the testimony, a terrazzo floor is composed of porous cement with marble chips.

Several assignments of error are concerned with the refusal of the court to permit appellant's expert witness, Chapman, to testify as to what constitutes proper maintenance of terrazzo when wet. The following questions were asked and objections to them were sustained:

"Q And, from your experience and training in the business, is some special maintenance of it required when it becomes wet?"

"Q What maintenance, if any, is required on that type of terrazzo when it becomes wet?"

The two "it's" in the first question and "that type of terrazzo" in the second question referred to the terrazzo in the interior of the building. The witness Chapman had looked at the porch and the interior the morning of the trial and testified that the interior terrazzo had a different finish on it from the exterior terrazzo when he saw it; that when terrazzo is used in the exterior the surface would not generally have the fine polish finish he observed in the interior of the hospital; that the company he had worked for always used abrasive in exterior terrazzo, and that, generally, exterior terrazzo and interior terrazzo are entirely different.

█ The court properly sustained the objections to these questions because the maintenance of the interior terrazzo was not material since the accident happened on the exterior terrazzo on the porch.

█ Appellant contends that she showed that the interior and exterior terrazzo was the same by the deposition of E. C. Bramlett, the administrator of the hospital, introduced by appellant. After testifying that the porch was a standard terrazzo,

floor and that they did not wax it, the following took place:

"Q On September 10th, 1961, was not the floor on the porch area, the surface of it, substantially similar to the floor on the inside of the hospital? —of the bottom floor there. Same type of tile, was it not?

"MR. COURTNEY: Judge, I interject an objection at this time, because it would be without the purview of his knowledge, unless he is qualified as an expert to testify whether or not the place was the same inside or out.

"THE COURT: Is that a general type?

"MR. COURTNEY: Yes, sir.

"THE COURT: I overrule your objection.

"MR. JOHNSTON: And on the further ground that he said he believed it was. He wasn't sure one way or the other. (Being a deposition, the answer of the witness was already known to counsel).

"THE COURT: That's his opinion. All right. I'll overrule your objection.

"MR. JOHNSTON: We except.

"A I believe it is.

"Q And it had about the same type of surface on September 10th, 1961, did it not?

"A I think it did.

"Q You say it did?

"A Yes."

We cannot agree with appellant's contention. In view of the entire colloquy, and the court's understanding that the reference was to a general type, we think this statement imported nothing more than the fact that both the interior of the main floor and the porch were terrazzo. This was not proof that the porch floor had an interior type finish on it when appellant fell, and no other witness testified on this subject. We cannot say that the court erred in sustaining objections to the two questions propounded to the witness Chapman.

We now consider the assignments of error relating to the giving of the affirmative charge with hypothesis. The trial court stated that he could not distinguish the instant case from that of Cox v. Goldstein, 255 Ala. 664, 53 So.2d 354, and for that reason, he would be compelled to give the charge. In that case, the plaintiff slipped and fell on the terrazzo vestibule of a store in Birmingham on a wet day where the terrazzo was wet and very slippery. This court affirmed a judgment based upon the giving of the affirmative charge with hypothesis and said:

"There were no defects in the floor of the entrance-way to appellees' store. No claim is made that it was not level other than necessary for proper drainage toward the sidewalk, or that it was improperly constructed or surfaced in any manner. There was no soap, grease or other foreign slippery substance on the floor except rain water which got there in the manner stated. There was no evidence in the case that appellees did anything or omitted to do anything which storekeepers of ordinary care and prudence generally, under similar circumstances, do or omit to do for the protection of the customers.

"It is a fact known to all that many stores in all branches of trade have passageway into the store, usually in the middle of the front, on each side of this passageway is a display window. The passageway extends back to the entrance door of the store, usually with a slight slope from the door to the sidewalk to carry away the rain that may blow into the entrance-way. The evidence is without conflict that many stores in Birmingham are similarly situated, have the same type floor and entrance-ways, and that such floors are in common use and have been for years.

"It is not the duty of persons in control of such passageways to keep a

force of moppers to mop up the rain as fast as it falls or blows in, or is carried in by wet feet or clothing or umbrellas, for several obvious reasons unnecessary to mention in detail.

"There was no evidence in this case that appellees did anything or omitted to do anything which storekeepers, of ordinary care and prudence, under similar circumstances do or omit to do for the protection of their patrons. [Citing cases]."

We agree with the trial court that the Cox case is and was authority for giving the requested charge.

■ We cannot agree with appellant that the placing of abrasive strips by appellee on the porch at the main entrance was proof, either of knowledge of a dangerous condition, or of negligence in not placing such abrasive strips all over the porch.

The other argued assignments of error are concened with the remarks of the court when the jury returned to the courtroom for further instructions. A member of the jury said: "The question is: if the jury finds that the hospital is not negligent, can we still assess damages?"

"THE COURT: No. Gentlemen, the action was based upon a legal action of negligence. As I read you the law of the State of Alabama, the hospital is not an insuror of a person's safety. The hospital would only be responsible in an action of negligence.

"Negligence is defined as the doing of an act which a reasonable and prudent person would not have done, or the failure to do an act which a reasonable and prudent person would have done.

"The Supreme Court of Alabama in this Cox case has stated that the maintenance of a terrazzo floor, with no other defects, on a day when it rains, is not a negligent act. The Court charged you that, under the law, there

was not a single what we call a scintilla or a shread or an iota of negligence on the part of the hospital, and the Court charged you, as a matter of law, that the hospital was not negligent, and the only possible basis for a verdict in this lawsuit is a verdict based upon negligence of the defendant. Does that answer your question?

"MR. LATTOF: Judge, just for the record, we would like to have shown an exception."

The three assignments of error, Nos. 14, 15 and 16, relating to this phase of the trial are that the court erred in its supplementary oral charge to the jury (14) with regard to the law applicable to the case; (15) with regard to the factual and legal situation of this case, and (16) in commenting on the evidence in this case.

■ These assignments of error are too uncertain and indefinite, do not state concisely in what the error consists and present nothing for review. Matthews v. Maynard, 274 Ala. 330, 148 So.2d 629, and authorities there cited.

■ Additionally, to invite a review of claimed error in an oral charge, an exception should be taken pointing out the particular part of the charge complained of. Matthews v. Maynard, supra, and cases there cited.

Here, the statement of the judge contained four different topics—first, the answer to the juror's question; second, the law that the hospital is not an insurer of a person's safety; third, a definition of negligence; and fourth, the effect of Cox v. Goldstein, supra, on the instant case. Some of these could not be subject to meritorious exception.

■ The proper way to reserve an exception to part of the oral charge is for the exceptor to select and recite what the court said, or state the substance of what the court said, and thus, specifically bring to the at-

tention of the trial court and this court the matter and ruling of which complaint is made. State v. Payton, 273 Ala. 49, 134 So. 2d 198; Pollard v. Rogers, 234 Ala. 92, 173 So. 881. The exception taken here is general and does not particularize the part of the charge complained of.

Affirmed.

LIVINGSTON, C. J., and SIMPSON and HARWOOD, JJ., concur.