224 So.2d 895

**Edna FOSTER**

v.

**KWIK CHEK SUPER MARKETS, INC.,**
a Corporation, et al.

**3 Div. 390.**

Supreme Court of Alabama.

July 10, 1969.

James D. Straiton, Montgomery, for appellant.

Henry C. Chappell, Jr. and Rushton, Stakely, Johnston & Garrett, Montgomery, for appellees.

MERRILL, Justice.

This appeal is from a judgment in favor of the defendants following a verdict based upon the giving of the requested written affirmative charge with hypothesis.

Appellant's feet slipped on a ramp between the sidewalk and a parking lot as she was walking from the grocery store in the Dalraida Shopping Center.

Appellant's main contention was that the ramp was an "exit" ramp and that its construction did not comply with the "slope" and other requirements required by the Montgomery City Code, Chapter 9, § 9–1, which adopted by reference the Southern Standard Building Code, 1965 Revision, and particularly § 1118 thereof. Appellant offered a properly certified copy of the pertinent part of the Code, including "Section 1118—Ramps" as Exhibit 1, but the court sustained objections to it. Later, more testimony was presented on the question and objections were again sustained to the introduction of the Code sections. The rulings of the court are the subject of assignments of error 4, 5 and 6.

The ramp in question was a wedge-shaped slab of concrete, which was 5½ inches high at the thick end where it joined the curb of the public sidewalk and it was 43 inches long where it thinned to the level of the blacktop paving of the parking lot. The ramp was 4 feet wide. It was one of the ramps used by the public to roll customer carts from the outer edge of the sidewalk down to the level of the parking lot without the abrupt drop or bump of 5½ inches from the top edge of the sidewalk to the parking lot level.

Section 1118(a), dealing with ramps, provides: "The width and enclosure of exit ramps shall be as required in Section 1112—Exit Outlets." Section 1112(a) provides:

"(a) A means of egress is a continuous path of travel from any point in a building or structure to the open air outside at ground level, and consist of

two separate and distinct parts: one, the exit access, and two, exit two, a means of egress comprises the vertical and horizontal means of travel, and may include the room space, doorway, corridor, hallway, passageway, stairs, ramp, lobby, fire escape, escalator, and other paths of travel."

Outside the presence of the jury, witness Rushing, characterized as an "expert" by counsel for appellant, and evidently from the Building Department of the City of Montgomery, after looking at a picture of it, testified that he was familiar with ramps like the one in question, and that they would not be construed as "exit" ramps by his department. He also testified that the Code in question did not become effective until June 1, 1966. It was undisputed that the City had approved the plans and specifications for the building of the grocery store, including the cart ramp in question, and had been approved on April 4, 1966.

Appellees objected to Exhibit 1 on the ground that the Code was not in effect when the ramp was built and that it was not an exit from a building, but merely an exit from a sidewalk into a street or parking lot.

To be competent, evidence must be relevant, that is, it must tend to prove, or disprove, the issue or issues being litigated. Barnes v. Sand Mountain Electric Cooperative, 40 Ala.App. 88, 108 So.2d 378; Slagle v. State, 39 Ala.App. 691, 108 So.2d 180; Southern Ry. Co. v. Montgomery, 229 Ala. 456, 157 So. 854; Birmingham Baptist Hospital v. Blackwell, 221 Ala. 225, 128 So. 389; Magee v. Billingsley, 3 Ala. 679. It is obvious that the Code requirements for exit ramps were not relevant to the cart ramp here involved.

■ Assignment 2 charges error in the giving of the affirmative charge with hypothesis in favor of the defendants. Appellant contends that in a slip and fall case, as here, proximate cause is for the jury, and that there was a scintilla of evidence to make a jury question.

■ An invitor owes to an invitee the duty of exercising ordinary or reasonable care to keep its premises, where likely to be used by invitees, in a reasonably safe condition. May-Bilt, Inc. v. Deese, 281 Ala. 579, 206 So.2d 590, and cases there cited.

We have held, in slip and fall cases, that the invitor is not an insurer of the safety of his invitees, that the principle of res ipsa loquitur is not applicable, and that no presumption of negligence arises from the mere fact of injury to an invitee. May-Bilt, Inc. v. Deese, supra; Great Atlantic & Pacific Tea Co. v. Bennett, 267 Ala. 538, 103 So.2d 177, and cases there cited.

In Alabama Power Co. v. Bryant, 226 Ala. 251, 146 So. 602, we said:

"We have a well-defined rule that the burden is upon 'plaintiffs to show by an unbroken sequence of cause and effect, that the negligence alleged was the proximate cause of the intestate's injury and death.' Connors-Weyman Steel Co. v. Kilgore, 202 Ala. 372, 80 So. 454, 455. For when 'the evidence leaves it uncertain as to whether the cause of the injury was something for which defendant was responsible, or something for which it was not responsible, there is a failure of proof, and the jury cannot be permitted to guess at the real cause.' Carlisle v. Central of Georgia R. Co., 183 Ala. 195, 62 So. 759. And 'the mere possibility that the negligence of defendant caused the injury without evidence thereof, is not sufficient to carry the case to the jury, or to support a verdict.' Koger v. Roden Coal Co., 197 Ala. 473, 73 So. 33. And 'where it was merely conjectural whether death of a servant resulted from negligence for which the master was liable or from other cause, there can be no recovery.' St. Louis & S. F. R. Co. v. Dorman, 205 Ala. 609, 89 So. 70.

"And 'where the testimony leaves the matter uncertain and shows that any one of half a dozen things may have brought about the injury, for some of which the employer is responsible and for some of which he is not, it is not for the jury to guess between these half a dozen causes and find that the negligence of the employer was the real cause.' American Cast Iron Pipe Co. v. Landrum, 183 Ala. 132, 62 So. 757, 758."

Here, appellant came walking out of the supermarket with a bag of groceries. She crossed the sidewalk and instead of stepping down from the curb to the paved street and parking lot, she started down the cart ramp. When she stepped on the ramp her right foot started sliding out from under her, then both feet slipped and she sat down hard on the ramp, her head hit the sidewalk and she slid down the ramp on both elbows. She was dazed, but she went on to her car and put her groceries in it. She returned to the store and as she passed the ramp where she had fallen, she noticed some spots on the ramp and they looked like grease or oil to her. She also testified that when she came to the edge of the sidewalk she looked down at the ramp and saw nothing. On cross-examination, she testified:

"Q All right. Mrs. Foster, you are not saying that you stepped in that spot, are you?

"A No, sir, I can't prove it, that I stepped in the spot.

"Q Do you really know what you stepped on, or what made you fall, do you really know?

"A No, sir, I don't know. I think I stepped on the spot, though.

"Q But you don't know, and you can't testify to that?

"A No, sir, I honestly don't know."

There was no evidence that the spots were either grease or oil spots, or that any foreign substance was on the cart ramp, or that any slippery substance was on the soles of her shoes, and her positive evidence was that she looked at the ramp before she stepped on it.

We do not think appellant has met the burden placed upon her of establishing the alleged negligence of the defendants, and that the affirmative charge with hypothesis was properly given after the trial court had heard the witnesses for appellant and the witnesses for defendants and each side had rested. We do not think that the cases of Alabama Power Co. v. Bryant, 226 Ala. 251, 146 So. 602, or Standard Oil Co. v. Gentry, 241 Ala. 62, 1 So.2d 29, cited by appellant, are contrary to our holding here, or that Foodtown Stores, Inc. v. Patterson, 282 Ala. 477, 213 So.2d 211, is authority for the proposition that in all slip and fall cases in or near places of business, proximate cause is a question for the jury. The circumstances of that case were different from the instant case.

Assignment 7 charges error in the refusing of plaintiff's requested Charge 3 which stated in substance the requirements of the city ordinance made a part of plaintiff's Exhibit 1. We have already shown that Exhibit 1 was not relevant to the issue and it follows that the court did not err in refusing a charge dealing with irrelevant matter.

Assignment 9 charges error in the refusal of plaintiff's Charge 5 which delineates the elements of negligence.

■ Where one party is entitled to the affirmative charge, and it is given, the trial court commits no reversible error in refusing to give the written charges requested by the other party even though they may be correct statements of the law. Farley v. Mobile & Ohio R. R. Co., 149 Ala. 557, 42 So. 747; McCleskey & Whitman v. Howell Cotton Co., 147 Ala. 573, 42 So. 67; Adler v. Prestwood & Knowles, 122 Ala. 367, 24 So. 999.

■ Assignment 3 charges that the following charge was defective in form:

**352**

"A. I charge you, that if you believe the evidence in this case your verdict must be for the defendants.

s/ William F. Thetford
_____
Judge.

Given, Thetford Judge"

Appellant contends that the signature of the judge on the charge "gave undue prominence to the charge and became an absolute direction by the Court to the Jury to return a verdict for the Appellees."

. We cannot agree. The charge on its face is predicated on a belief of the evidence, and was the affirmative charge with hypothesis and not an "absolute direction." The signature of the trial judge was surplusage but it could in no way prejudice the substantial rights of appellant and does not amount to reversible error under Supreme Court Rule 45.

■ Appellant suggests that there may have been some discrepancy between the wording of Charge A and some of the trial court's oral remarks, explaining why the affirmative charge with hypothesis was given. No exception was taken to the trial court's explanation or any part of it. The proper way to reserve an exception to part of the oral charge is for the exceptor to select and recite what the court said, or state the substance of what the court said, and thus, specifically bring to the attention of the trial court and this court the matter and ruling of which complaint is made. Turner v. Mobile Infirmary Association, 277 Ala. 15, 166 So.2d 851; Mixon v. Whitman, 279 Ala. 249, 184 So.2d 332; Bradley v. Jones, 282 Ala. 331, 211 So.2d 465.

No reversible error has been presented.

Affirmed.

LIVINGSTON, C. J., and LAWSON and HARWOOD, JJ., concur.