**Kenneth E. TATEM, Plaintiff,**

v.

**UNITED STATES of America, Defendant.**

Civ. A. No. 79–197–N.

United States District Court, M. D. Alabama, N. D.

Oct. 28, 1980.

known as Hatch Stagefield, Fort Rucker, Alabama. Plaintiff, a civilian, was employed by Doss as an instructor pilot (hereinafter referred to as IP). On June 30, 1977, plaintiff was assigned to Hatch Stagefield to train Army student pilots to fly the TH–55A helicopter.[1]

On said date, plaintiff was to instruct a student who was in his third day of flight training and had completed only 1.7 hours of flight time. Although the United States Army Flight Training Guide suggests that a student not be allowed to practice hovering until his fourth or fifth day of training, the IP is given the discretion to teach this procedure prior to the recommended date. Plaintiff considered that the student was capable of performing this maneuver subject to the extra control and care which plaintiff insisted he exercised over the aircraft. Plaintiff sought and obtained permission to use the hover area at the south ramp of Hatch Stagefield.

This ramp is made of asphalt and is commonly referred to as a hardstand. Constructed within the hardstand are several twenty feet by twenty feet concrete slabs used as parking pads for helicopters. At certain points along the edge of the ramp, erosion had caused the level of the sod to be as much as four to six inches below the level of the ramp. Since plaintiff had not been at Hatch Stagefield within ten months prior to June 30, 1977, he was unaware of the erosion on that date. Several people, however, including Doss' Director of Safety and Assistant Director of Safety testified that they were aware of the erosion around the ramp.

Plaintiff demonstrated to the student pilot how to hover at an altitude of three feet. The student was then allowed to attempt this maneuver, while plaintiff kept his hands on the controls. Hovering is considered a very difficult maneuver for student pilots, especially for those with less than two hours' flight time. Although the Flight Training Guides provide as a stan-

Cassady, Fuller & Marsh, Joe C. Cassady, Enterprise, Ala., for plaintiff.

Barbara Allen Babcock, Asst. Atty. Gen., Civil Division, U. S. Dept. of Justice, Washington, D. C., Kathlynn G. Fadely, Trial Atty., Torts Branch, U. S. Dept. of Justice, Washington, D. C., Barry E. Teague, U. S. Atty., Kenneth E. Vines, Asst. U. S. Atty., Montgomery, Ala., for defendant.

## MEMORANDUM OPINION

HOBBS, District Judge.

This case arises out of a helicopter crash at Fort Rucker, Alabama in which the plaintiff as a pilot instructor sustained injuries when the rear skid of his helicopter struck a four to six inch lip of a helicopter ramp. The suit is against the United States as the owner of the helicopter landing field and alleges that the United States negligently or wantonly allowed a hazardous condition to exist which caused the helicopter to crash. The Court granted a joint motion by the parties for a bifurcated trial and the issue of liability is now before the Court. The Court holds that defendant is not liable for plaintiff's injuries.

## FINDINGS OF FACT

Pursuant to a contract entered into between Doss Aviation, Inc. (hereinafter referred to as Doss) and the United States, Doss agreed to provide instructors to conduct rotary wing (helicopter) flight training at a field owned by the United States and

---

1. The TH–55A weighs approximately 1,600 pounds and has two sets of controls, one for the IP and one for the student.

dard that a proficient student should be able to maintain a three–foot hover without varying the altitude by more than one foot or drifting in any direction by more than one foot, it is typical for a student practicing hovering for the first time to vary considerably from the standards. Recognizing this, it is recommended by Doss that its IPs require their students to first practice hovering at an altitude of between five and ten feet to provide a larger room for error. Plaintiff, however, instructed this student to attempt to hover at a three–foot altitude.

As expected, the student caused the helicopter to drift or "wallow," but as this occurred, plaintiff would take control and stabilize the aircraft. Plaintiff at all times kept his hands within a fraction of an inch of the controls. Nevertheless, plaintiff allowed the helicopter to drift off the hardstand, and to a distance of approximately thirty–five feet from the designated hovering spot. When plaintiff finally took control of the helicopter, he allowed it to move in a rearward motion at the rate of a "brisk walk" or faster. As the helicopter moved backward, the rear of the left skid came in contact with the four to six inch lip of the asphalt ramp. This caused the aircraft to tip over. In an effort to prevent the fall or tipping over of the helicopter, plaintiff stuck his leg out of the helicopter. This effort proved futile, and resulted in plaintiff sustaining a broken leg.

### JURISDICTION

Plaintiff filed this suit under the Federal Tort Claims Act, 28 U.S.C. § 2671 et seq., alleging that the United States negligently and wantonly caused his injuries by failing to provide plaintiff with a safe place to work. The Court, therefore, takes jurisdiction of this cause pursuant to 28 U.S.C. § 1346(b).

### CONCLUSIONS OF LAW

■ The Federal Tort Claims Act grants a remedy against the United States on claims for personal injury, by the negligent or wrongful act or omission of government employees acting within the scope of their employment "where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred." 28 U.S.C. § 1346(b). The phrase "law of the place" has been held to require courts to apply the "whole law" of the state where the act or omission occurred, *Richards v. United States*, 369 U.S. 1, 82 S.Ct. 585, 7 L.Ed.2d 492 (1962); *Marcum v. United States*, 452 F.2d 36 (5th Cir. 1971). Therefore, Alabama law controls in this case.

### I. *Condition of Premises*

■ Under the law of Alabama the owner of premises owes the same duty to an employee of an independent contractor that he owes to an invitee. *E. g., Green v. Reynolds Metals Co.*, 328 F.2d 372 (5th Cir. 1964). This duty is to maintain the premises in a reasonably safe condition. *Green v. Reynolds Metals Co., supra; Foster v. Kwik Chek Super Markets, Inc.*, 284 Ala. 348, 224 So.2d 895 (1969). Plaintiff claims that the four to six inch lip was a hazardous condition and that defendant negligently and wantonly breached its duty by allowing this condition to remain. The abundance of evidence in this cause, however, established that this lip did not keep the field from being reasonably safe. Several qualified helicopter pilots who had many hundreds of hours as helicopter instructor pilots testified that they did not regard the erosion around the ramp as creating a hazard to flight—even when an instructor was conducting hovering training in the area.

These instructor pilots based their opinions on several undisputed facts. First, an instructor pilot is not to allow the aircraft to get off the ramp area during the hovering instruction. Second, the instructor is not to allow the aircraft to get to ground level during the hovering exercise. (As noted, Doss recommends the exercise be carried out at five to ten feet to allow an extra margin of safety.) Third, the instructor is not to allow the aircraft to move backward during the hovering operation.

The undisputed testimony is that the only way that the lip of the asphalt could constitute a hazard for a helicopter during flight or during a hovering operation would be for the instructor to violate simultaneously each of the three proscribed acts. For example, if the instructor in violation of the rules for conducting hovering operations allowed the helicopter to descend to ground level and in further violation of the prescribed rules allowed the helicopter to get off the area of the asphalt, and the helicopter struck the lip of the asphalt, it would not be hazardous unless the craft was moving backward because the design of the helicopter is such that the craft moving forward has a sloped forward skid which would simply ride up on the asphalt. Moreover, these pilots testified without dispute that there is a probability that the helicopter would turn over if it were backed into the ground or the ramp—even if no lip were present. This is true because the rear skid, unlike the front skid of a helicopter, is not designed for landing and is squared off. Moreover, a helicopter backs with the left skid tending to be lower than the right so that the rear skid would enter the ground at an angle, causing it to turn over as happened in this case.

The testimony was undisputed that a properly designed heliport has a lip around the paved portion of at least one and one-half inches in order to secure proper drainage. The Doss employees testified that they knew the lip was present, that similar erosion takes place around most, if not all, helicopter ramps, and the only problem which such erosion reasonably could create was the problem if the erosion allowed water to get underneath the pad so as to cause the ramp to crumble on the edges. No such erosion was present at this field.

Doss pilot instructors are given frequent and regular courses in safety. These courses stress that any instructor who perceives any hazardous condition affecting helicopter operations is to notify immediately the designated authorities in order that corrective action can be taken. It is

significant that although this condition of erosion around the ramp had been present for a long period of time, no pilot instructor or anyone else suggested that the erosion constituted a safety hazard for helicopters.

■ The Court holds that defendant was not guilty of negligence or wantonness in maintaining the helicopter field.

## II. *Knowledge of Independent Contractor*

A number of Alabama cases hold that even if premises are deemed hazardous, the owner of the premises is under no duty to the employee of an independent contractor to make its premises reasonably safe from hazards of which the contractor was fully aware. *Crawford Johnson & Co. v. Duffner*, 279 Ala. 678, 189 So.2d 474, 477 (1966); *Connors–Weyman Steel Co. v. Kilgore*, 189 Ala. 643, 645, 66 So. 609, 610; and see *Croley v. Matson Navigation Co.*, 434 F.2d 73 (5th Cir. 1970).

Here, several of Doss' employees, including the Director of Safety and Assistant Director of Safety, had knowledge of the four to six inch lip. The Director and Assistant Director had the authority to close this hover ramp, but neither viewed the condition as a hazard. If these cases still constitute the law of Alabama, they would appear to bar recovery even if the erosion created a hazard.

## III. *Contributory Negligence*

■ The Court concludes that plaintiff was contributorially negligent. Based upon the testimony of all of the several experienced IPs, other than plaintiff, the Court is of the opinion that the reasonable instructor pilot under the same circumstances would not have conducted himself in the same manner as did plaintiff. Plaintiff should not have allowed the helicopter to drift thirty–five feet and off the hardstand; nor should plaintiff have permitted the helicopter to reach so low an altitude. Finally, plaintiff should not have allowed the helicopter to move backward under these circumstances.[2] Since plaintiff was contribu-

---

2. The defendant contends that plaintiff was also guilty of contributory negligence because

as the helicopter was tilting over, plaintiff stuck his leg out of the helicopter in a futile

torily negligent, he is barred from recovering on his claim of negligence even if the ramp was maintained in such a way that it was not reasonably safe. *E. g., Shafer v. Myers*, 215 Ala. 678, 112 So. 230 (1927).

In summation, the Court concludes that defendant did not breach its duty to plaintiff to maintain its premises in a reasonably safe condition; that plaintiff's employer had sufficient knowledge of any defect to bar recovery; and that plaintiff was contributorily negligent. Therefore, the Court is of the opinion that defendant is not liable for plaintiff's injury. A judgment will be entered in accordance with this opinion.

effort to halt the helicopter. The Court declines to find that this action taken under emergency conditions constituted contributory negligence even though pilots are taught to keep their limbs inside the helicopter in the event of a crash and the student pilot who kept his limbs inside the aircraft was not injured.