BERSCH, Respondent, vs. HOLTON STREET STATE BANK, Appellant.

*May 17—June 15, 1945.*

For the appellant there was a brief by *Lines, Spooner & Quarles,* attorneys, and *Charles B. Quarles* of counsel, all of Milwaukee, and oral argument by *Mr. Quarles.*

*Charles Swidler* of Milwaukee, for the respondent.

FAIRCHILD, J.    The general rule is stated in *Schroeder v. Great Atlantic & Pacific Tea Co.* (1936) 220 Wis. 642, 648, 265 N. W. 559, that one who keeps a store or shop "is bound to exercise reasonable care to keep it in a safe condition for his customers and others whom he invites, expressly or impliedly, to enter on business with him."

In this case, there is testimony to indicate that the bank had notice that the floor was slippery.    In time of storm the likelihood of a slippery walk or floor necessarily comes into existence so that even with knowledge that individuals with wet shoes are using the floor, negligence on the part of the defendant in failing to take steps to relieve it, does not necessarily exist.    It is considered that under the facts appearing in the record there was no duty resting upon defendant to cause the floor to be kept perfectly dry.    It was snowing on that day and customers of the bank could be expected to come in and out of the bank throughout the day.    If the defendant were held to the duty of mopping up the floor and keeping it free from snow and water, it would require perpetual attention because there would be a continual deposit of moisture

upon the floor. In *S. S. Kresge Co. v. Fader* (1927), 116 Ohio St. 718, 724, 158 N. E. 174, the court held that where, during a rainstorm some water was blown into the front of the store on account of the opening of the door to admit customers, and the incoming shoppers brought in moisture on their clothing and umbrellas so that the floor became damp and slippery, the owner of the store was not liable to a patron who fell on such floor and was thereby injured. The court said: "It is not the duty of persons in control of such buildings to keep a large force of moppers to mop up the rain as fast as it falls or blows in, or is carried in by wet feet or clothing or umbrellas." When the weather creates a natural hazard of this sort, a person of ordinary care is not under a duty to keep a floor in a public place completely free of such deposits.

Since defendant has breached no duty, it is guilty of no negligence and hence not liable.

*By the Court.*—Judgment reversed. Cause remanded with directions to reverse the judgment of the civil court and dismiss the complaint.