216 So.2d 278

**Pete GULAS, d/b/a Gulas Restaurant**

**v.**

**Margaret June RATLIFF et al.**

**6 Div. 335, 335–A.**

Supreme Court of Alabama.

Nov. 7, 1968.

Rehearing Denied Dec. 12, 1968.

Porterfield & Scholl, Birmingham, for appellant.

Corretti, Newsom & Rogers, Birmingham, for appellees.

COLEMAN, Justice.

Defendant appeals from two judgments, for two plaintiffs, which were rendered on verdicts of the jury in two actions which were consolidated and tried together.

In one case, the plaintiff sued to recover for personal injuries which she sustained when she slipped and fell while entering defendant's restaurant. In the other case, the husband of the plaintiff in the first case sued for expenses he incurred and for loss of the services and society of his wife.

The right to recover is based on defendant's alleged breach of his duty as a shopkeeper to exercise reasonable care to keep his premises in a reasonably safe condition for the use of persons coming into his place of business as invitees.

The pertinent facts appear to be as follows. The plaintiff wife was an employee in a store located within the width of a courtroom from defendant's restaurant. On the morning of the accident, it was snowing and sleeting "pretty hard" when she left her home and caught the bus. When she arrived at the place of business, it had stopped snowing. She got off the bus and walked to the entrance of defendant's restaurant where the employees of the store where she worked were to be entertained by the management at a "Christmas breakfast." She had been in defendant's restaurant previously on numerous occasions. She opened the door and "just took a couple of steps inside the door" when her feet began to slide and she fell.

The first time she observed any snow or ice on the floor was after she had fallen. The snow and ice on the floor "appeared to be beginning to melt." The floor was constructed of asphalt tile similar to that used in the courtroom. There was no mat in the entrance-way at the time she fell.

Several of plaintiff's fellow employees had already arrived at defendant's restaurant when plaintiff fell. She got off the bus a couple of blocks from the restaurant and walked to the restaurant. There was snow and ice on the ground at the time. As she stepped down in the snow and ice, it covered the biggest part of the top of her shoe. She was wearing medium heel shoes. The sidewalk in front of the restaurant was covered with snow and ice. If there was "a rubber mat of any kind that said Gulas on it," it "was hidden with the snow" and plaintiff did not see it.

Plaintiff opened the door of the restaurant herself and was alone at the time of the accident. Plaintiff's employer and some of her fellow employees had entered the restaurant just before plaintiff reached the doorway. She was about fifty feet from the restaurant when she saw her employer and fellow employees enter the restaurant.

When plaintiff entered, there was nothing to obstruct her view. She "stomped" her feet to knock snow and ice off her shoes. She never looked to the floor before her fall. The first time she realized there was snow and ice on the floor was after she fell. While on the floor after the fall, plaintiff looked around her and saw the snow and ice. There were several spots of snow beside her about as big as a silver dollar. These bits of snow were about ten to twelve in number. When she got up, there was some ice and dirty water on her coat that had the appearance of crushed ice. Her underclothing was damp where she had been sitting in the ice. Her coat had some soil on it from dirty water and there was still some ice on her coat.

As we understand the case, there was no grease, oil, or foreign substance, other than snow and water, on the restaurant floor.

Defendant assigns for error the trial court's refusal to give the affirmative

charge with hypothesis requested in writing by defendant.

Plaintiff says the defendant owed a duty to invitees, such as plaintiff, to exercise reasonable care to keep the premises in a reasonably safe condition, citing Standard Oil Company v. Gentry, 241 Ala. 62, 1 So. 2d 29. Plaintiff says that the evidence will support a verdict for plaintiff on either of two theories: (1) that defendant was negligent in failing to remove a foreign substance which defendant knew was on the floor or in failing to lay down a mat where plaintiff fell; or (2) defendant was negligent in failing to remove from the floor a foreign substance which defendant may not have known was there but which had been on the floor for such a long period of time that, in the exercise of reasonable care, defendant ought to have discovered and removed the foreign substance.

Defendant says that the evidence will not support a finding that defendant breached any duty owed to plaintiff, and, therefore, the court erred in allowing the case to go to the jury.

There is no evidence that the floor was not properly designed or constructed. We find no evidence to show that defendant's failure to provide a mat constituted a failure to exercise reasonable care. The only foreign substance on the floor was snow, and water from melted snow, which had been brought in on the clothing or shoes of persons using the entrance in the usual and ordinary manner.

We are not advised of any decision by this court concerning the duty of a shopkeeper with respect to snow brought into his shop and deposited on the floor by persons coming into the shop in a usual and ordinary manner. There are two cases decided by this court concerning duty of the owner of premises with respect to rain water brought onto the premises.

In Cox v. Goldstein, 255 Ala. 664, 53 So.2d 354, the plaintiff fell in the vestibule of a store. Water had come into the vestibule. " 'This hard and slick-surfaced floor of the vestibule led directly to the door from the public sidewalk, was wet and *very slippery*, and its entire area was "awfully" wet with muddy water.' " 255 Ala. at 665, 53 So.2d at 355. This court held that the trial court did not err in giving the affirmative charge for defendants and said:

"It is not the duty of persons in control of such passageways to keep a force of moppers to mop up the rain as fast as it falls or blows in, or is carried in by wet feet or clothing or umbrellas, for several obvious reasons unnecessary to mention in detail." (255 Ala. at 667, 668, 53 So.2d at 357)

In Turner v. Mobile Infirmary Association, 277 Ala. 15, 166 So.2d 851, plaintiff slipped and fell on a hospital porch, the floor of which was wet with rain water. It had been raining but the rain had stopped when plaintiff reached the hospital. This court relied on Cox v. Goldstein, supra, and held that the trial court was correct in giving the affirmative charge for defendant.

In Cox v. Goldstein, supra, this court cited Kresge Co. v. Fader, 116 Ohio St. 718, 158 N.E. 174, 58 A.L.R. 132, where the court reversed a judgment for plaintiff and entered judgment for defendant, in an action for injury to plaintiff when she fell on a wet spot on defendant's floor immediately inside the door. Rain water had been carried in on the feet of incoming customers. The court said:

"Owners or lessees of stores, office buildings, banks, hotels, theaters, or other buildings where the public is invited to come on business or pleasure, are not insurers against all forms of accidents that may happen to any who come. Everybody knows that the hallways between the outside doors of such buildings and the elevators or business counters inside the building during a continued rain storm are tracked all over by the wet feet of people coming from the wet sidewalks, and are thereby rendered more slippery than they otherwise would

**302**

be. The same thing is true in the hallways of all postoffices. It is not the duty of persons in control of such buildings to keep a large force of moppers to mop up the rain as fast as it falls or blows in, or is carried in by wet feet or clothing or umbrellas, for several very good reasons, all so obvious that it is wholly unnecessary to mention them here in detail.

"It should be borne in mind that this accident did not happen in some dark walkway in the store where the shopper found it necessary to go. It occurred in broad daylight, and there is no pretense that there was anything to prevent any shopper from seeing and knowing precisely what the conditions were.

"Not every accident that occurs gives rise to a cause of action upon which the party injured may recover damages from some one. Thousands of accidents occur every day for which no one is liable in damages, and often no one is to blame, not even the ones who are injured. The character or extent of an injury has no bearing upon the question of the liability therefor; neither has the wealth nor the poverty of either party to such a litigation anything to do with the question of liability for the accident.

"There is no evidence in this case tending to prove, much less proving, that the Kresge Company was guilty of negligence in any particular as charged by Mrs. Fader in her petition. . . . ." (158 N.E. at 175, 58 A.L.R. at 135)

In Picman v. Higbee Company, 54 Ohio App. 55, 6 N.E.2d 21, the court affirmed a judgment for defendant in a case where plaintiff had fallen while entering defendant's store. The court cited and relied on Kresge Co. v. Fader, supra, and said:

"The static condition in that case was a continuing rainstorm while the static condition in this case is the presence of two or three inches of snow on the streets and sidewalks adjacent to the premises, the variance of temperature between the exterior and interior of the premises and the continuous carrying in of snow from the streets and sidewalks and the depositing of the same on the premises. The static conditions in both cases arise from natural causes and require the application of the same rule." (6 N.E.2d at 25)

In Bodine v. Goerke Co., 102 N.J.Law 642, 133 A. 295, plaintiff had recovered judgment in the trial court for injury sustained when she fell or slipped at the entrance of defendant's store. The floor of the entrance was "'very slush, like dirty snow.'" The appellate court said:

"We find in the record of this case no disputed facts, no inferences from those facts, that *could* or *ought* to justify a jury in finding that the defendant was guilty of negligence.

"We conclude, therefore, that it was error for the trial judge to submit the case to the jury. It was error not to have directed a verdict in favor of the defendant." (133 A. at 295, 296)

In Bersch v. Holton Street State Bank, 247 Wis. 261, 19 N.W.2d 175, the court reversed judgment for plaintiff with directions to dismiss the complaint. The court cited Kresge Co. v. Fader, supra, and, among other things, said:

". . . . It is considered that under the facts appearing in the record there was no duty resting upon defendant to cause the floor to be kept perfectly dry. It was snowing on that day and customers of the bank could be expected to come in and out of the bank throughout the day. If the defendant were held to the duty of mopping up the floor and keeping it free from snow and water, it would require perpetual attention because there would be a continuous deposit of moisture upon the floor. . . . . When the weather creates a natural hazard of this sort, a person of ordinary care is not under a duty to keep a floor in a public place completely free of such deposits.

303

"Since defendant has breached no duty, it is guilty of no negligence and hence not liable." (19 N.W.2d at 175, 176)

A fall caused by snow or rain is distinguishable from a fall resulting from some other object as is usual in a slip and fall case.

We are in accord with the holding in the cited cases that the rule of Kresge Co. v. Fader, supra, with respect to rain, applies also to snow. Under that rule, defendant, in the instant case, did not owe to the plaintiff wife a duty to keep a force of moppers to clear the floor of snow brought in by incoming customers. Since defendant did not owe the duty to remove such snow, then defendant did not breach any duty by failing to remove the snow, and plaintiff is not entitled to recover on any theory. We are of opinion that the court erred in refusing the affirmative charge for defendant.

Reversed and remanded.

LIVINGSTON, C. J., and SIMPSON and KOHN, JJ., concur.