This is an appeal by Inez and Charles Terrell, plaintiffs below, from a directed verdict in defendants' favor as to Mrs. Terrell's claim for personal injuries sustained when she slipped and fell from tracked-in rain water in defendants' grocery store, and as to her husband's claim for loss of consortium resulting therefrom.
Mrs. Terrell went to defendants' store between 6:00 and 7:00 p.m. on May 14, 1976, to buy groceries and to carry a sandwich to her daughter, Teresa Norton, who was then an employee of the store. Mrs. Terrell testified that it had been raining two and a half hours before she arrived at the store. However, on deposition taken less than three months before trial, she testified that it had been raining for approximately thirty minutes. Mrs. Terrell entered the store through the front entrance. She then walked about twenty-five or thirty feet to a point near a coffee urn *Page 676 
where her daughter was waiting for her and slipped and fell on her left knee. Although her testimony was inconsistent with her deposition, she stated that she did not see any water where she fell until after her fall. Mrs. Terrell's daughter was the only witness to the fall and testified that she noticed some water tracked in by customers about halfway up the aisle, but did not notice any water on the spot where her mother fell prior to her fall. After her mother's fall, she helped her up and went to the back of the store to eat. She did not tell anyone about the fall nor did she see her mother any more that day.
The store is apparently a warehouse operation and customers use crayons to mark the prices on goods as they go through the store. Upon entering the store, a customer must go down the main aisle which branches out into the various display counters about twenty-five or thirty feet from the store entrance. The coffee urn and crayons are located at the end of this main aisle where Mrs. Terrell fell. The floor is smooth concrete. There was an awning over the entrance to the store and there were two rubber mats, one just outside the entrance door and one just inside the door. Also, there was a red mat inside the building.
The complaint charged that defendant negligently or wantonly maintained the premises in an unsafe condition and failed to warn Mrs. Terrell of the dangerous condition of the premises. It is not disputed that Mrs. Terrell was an invitee and there is no contention that the floor was defective or negligently constructed. Appellants' sole contention on appeal is that they submitted sufficient evidence of negligence on the part of defendant to allow the case to go to the jury. Appellants maintain that our cases hold that a storekeeper owes no duty to protect patrons from a slippery condition of the premises caused by rain water because a "force of moppers" would be required to make the premises safe under such circumstances. In seeking reversal of these cases, appellants argue that to exempt storekeepers from a duty of reasonable care based upon the "force of moppers" rationale is inequitable since there are viable alternative methods of making a floor safe. We do not agree with appellants' interpretation of these cases.
An occupier of land owes an invitee the duty to exercise reasonable care to keep the premises in a reasonably safe condition but is not an insurer of the safety of an invitee.Cox v. Goldstein, 255 Ala. 664, 53 So.2d 354 (1951); F.W.Woolworth Co. v. Ney, 239 Ala. 233, 194 So. 667 (1940); W. Prosser, Handbook of the Law of Torts § 61 (4th ed. 1971). The question then is whether under the circumstances the defendant breached his duty of reasonable care.
In Cox v. Goldstein, supra, plaintiff was injured when she slipped and fell on the terrazzo vestibule of a store on a rainy day when the terrazzo was wet and slippery. There were no defects in the floor nor was there any foreign substance on the floor except rain water. In affirming a judgment based upon the giving of the affirmative charge with hypothesis, the court said:
 It is not the duty of persons in control of such passageways to keep a force of moppers to mop up the rain as fast as it falls or blows in, or is carried in by wet feet or clothing or umbrellas, for several obvious reasons unnecessary to mention in detail.
 There was no evidence in this case that appellees did anything or omitted to do anything which storekeepers, of ordinary care and prudence, under similar circumstances do or omit to do for the protection of their patrons.
255 Ala. at 667-68, 53 So.2d at 357. The court in Turner v.Mobile Infirmary Association, 277 Ala. 15, 166 So.2d 851
(1964), relied upon Cox in affirming the giving of the affirmative charge with hypothesis where plaintiff slipped and fell on the terrazzo floor of defendant hospital's porch which was made wet and slippery by rain water.
In Gulas v. Ratliff, 283 Ala. 299, 216 So.2d 278 (1968), plaintiff slipped and fell on snow and ice after entering defendant's restaurant to attend a "Christmas breakfast." There was no substance on the floor *Page 677 
other than tracked-in snow and water. Defendant appealed a judgment for plaintiff, contending that the evidence did not support a finding that defendant breached the duty owed to plaintiff, and therefore, the case should not have gone to the jury. The court, reversing the judgment for plaintiff, stated that when weather creates a natural hazard of this sort, a person of ordinary care is not required to keep a floor in a public place completely free of snow or water. The court went on to say:
 A fall caused by snow or rain is distinguishable from a fall resulting from some other object as is usual in a slip and fall case.
 . . . Since defendant did not owe the duty to remove such snow, then defendant did not breach any duty by failing to remove the snow, and plaintiff is not entitled to recover on any theory. . . . .
283 Ala. at 303, 216 So.2d at 281.
This court last considered the question in Greer v. EyeFoundation, Inc., 286 Ala. 63, 237 So.2d 456 (1970). There plaintiff was injured as she was leaving work when she slipped and fell in defendant's lobby which was wet from rain water. The court relied upon Cox v. Goldstein, supra, in affirming the giving of the affirmative charge with hypothesis. The court stated:
 The burden is on plaintiff to show that defendant was guilty of negligence which proximately caused plaintiff's injury. No presumption of negligence arises from the mere fact of injury to an invitee. . . .
. . . . .
 In the instant case, the offending instrumentality was water. Plaintiff appears to contend that it was rain water. There is no evidence that defendant had actual notice that the water was on the lobby floor. There is no evidence how long the water had been there. There is no evidence as to how the water came to be there other than evidence that when plaintiff got off the elevator she saw through the glass door that it was raining outside the building. There was no evidence as to how long it had been raining outside. There is no evidence that anyone brought rain water into the building, or, if it can be inferred that they did, as to when they brought it in.
. . . . .
 We are of opinion that the evidence fails to show that defendant had been guilty of any negligence, and, therefore, that the court did not err in giving defendant's requested affirmative charge with hypothesis.
286 Ala. at 68, 237 So.2d at 459-60.
From an examination of these cases, it appears that although a storekeeper owes a customer a duty to exercise reasonable care to maintain the premises in a safe condition, where the foreign substance is rain water tracked in by customers and in the absence of unusual accumulations, due care does not require that a storekeeper keep the floor completely free of water. When it rains, surfaces naturally become more slippery than usual — a fact with which a customer is sufficiently familiar. To require a storekeeper to keep a floor completely dry during a rainstorm or to hold him responsible for every slick place due to tracked-in rain water would impose an unreasonable standard of care and would, in effect, make him an insurer of the customer's safety. Of course, each case must be examined in light of its particular circumstances, and where there are unusual accumulations of rain water or other circumstances, due care may require that the storekeeper take affirmative measures such as mopping, applying anti-slip compounds, or posting warnings.
In the instant case, the evidence was conflicting as to how long it had been raining. However, the eyewitness to the fall, Teresa Norton, testified that the water on the floor appeared to be tracked in by customers and went only halfway up the aisle where Mrs. Terrell fell. She did not notice any large puddles or unusual accumulations of water; in fact, she did not notice any water where plaintiff fell until after the fall. Moreover, the water was not muddy *Page 678 
or dirty but was clear. The evidence further indicated that defendant had mats both inside and outside of the entrance way to the store as well as an awning over the entrance. The evidence was that the only substance on the floor was water and there were no abnormal accumulations but only such as might reasonably be expected to have been tracked in by customers on a rainy day. Therefore, there was no evidence of breach of duty by the defendant under these facts and the directed verdict in defendants' favor was proper.
AFFIRMED.
BLOODWORTH, FAULKNER, ALMON and EMBRY, JJ., concur.