This is a slip and fall case. Plaintiff Catherine Odean White filed suit against defendant Wal-Mart Stores, Inc., alleging negligence and wantonness in the maintenance of its floor and negligence in failure to warn plaintiff of the known dangerous condition of its floor. After a trial on the merits, the jury found for Ms. White in the amount of $75,000. Wal-Mart appeals from a judgment based on that verdict.
 FACTS
On Saturday, May 28, 1983, it rained steadily throughout the day in Athens, Alabama. Ms. White had been shopping in several stores before she went to Wal-Mart sometime between 7:15 and 7:30 p.m. Upon entering one of Wal-Mart's front doors, she slipped and fell, landing on her left knee, and breaking her left leg.
Ms. White was wearing "flip-flops" or rubber-soled "shower shoes." She fell just inside the door. The only substance on the floor was fresh rainwater.[1] The floor was not muddy or gritty. Ms. White's own testimony is conflicting as to the amount of water on the floor, but at trial she finally agreed with her deposition testimony to the effect that the water was not "running," but was on the floor in "droplets" — "It was just enough to be slick, I would say." She also testified that after falling, she stayed on the floor for a "good while" and that when she got home, her clothes were wet.
In spite of the rain, Wal-Mart had been very busy that Saturday due to a sale it was conducting. The customers had been tracking in water on their shoes all day, and when they opened the door, rain blew in. A stockboy testified that he had mopped up water from the area where Ms. White fell five or six times that day. He also testified that he had mopped the floor there again just minutes before Ms. White fell.
Mr. P. William Logan, a safety engineer, was qualified as an expert for plaintiff, and testified that on these facts in his opinion, Wal-Mart's failure to properly place mats inside the door, post an employee at the door, and put up caution signs in the area, all contributed to cause plaintiff's fall. Mr. Logan based his conclusion on his many years of experience as a loss control/loss prevention specialist.
 OPINION
Appellant Wal-Mart alleges that the trial court erred in: (1) not directing a verdict *Page 616 
for defendant, because these facts, as a matter of law, do not constitute negligence; and (2) admitting expert testimony on the issues of cause and due care.
 I. Insufficiency of the Evidence
Wal-Mart argues that on these facts the trial court should have directed a verdict in its favor and not permitted the case to go to the jury. Wal-Mart cites us to three of our prior slip and fall cases in support of its argument.
In Cox v. Goldstein, 255 Ala. 664, 53 So.2d 354 (1951), plaintiff fell when just a "few steps" inside a dress shop. The evidence showed that it had been raining for several hours that day, and that when plaintiff arose from her fall, she had muddy water on her skirt and hose. Plaintiff alleged that defendant negligently maintained his store. The trial court disagreed and gave an affirmative charge for defendant. We, too, found that this evidence was insufficient as a matter of law to create a jury issue, and we affirmed the trial judge's giving of an affirmative charge for defendant. Mr. Chief Justice Livingston, writing for the Court, stated: "It is not the duty of persons in control of such passageways to keep a force of moppers to mop up the rain as fast as it falls or blows in, or is carried in by wet feet or clothing or umbrellas, for several obvious reasons unnecessary to mention in detail." 255 Ala. at 667-68,53 So.2d at 357.
In Gulas v. Ratliff, 283 Ala. 299, 216 So.2d 278 (1968), plaintiff fell after taking just a couple of steps inside defendant's restaurant. The evidence showed that it was snowing and sleeting that day, and that there was melting snow and ice on the floor where plaintiff fell. Specifically, "[t]here were several spots of snow beside . . . [plaintiff] about as big as a silver dollar. These bits of snow were about ten to twelve in number. When she got up, there was some ice and dirty water on her coat that had the appearance of crushed ice. Her underclothing was damp where she had been sitting in ice. Her coat had some soil on it from dirty water and there was still some ice on her coat. . . . [T]here was no grease, oil, or other foreign substance, other than snow and water, on the restaurant floor." 283 Ala. at 300, 216 So.2d at 279. This Court found that the trial judge erred in not giving an affirmative charge for the defendant. We said, "A fall caused by snow or rain is distinguishable from a fall resulting from some other object as in the usual slip and fall case. . . . [D]efendant, in the instant case, did not owe to the plaintiff wife a duty to keep a force of moppers to clear the floor of snow brought in by incoming customers." 283 Ala. at 303,216 So.2d at 281.
Most recently, in Terrell v. Warehouse Groceries,364 So.2d 675 (Ala. 1978), we were presented with a plaintiff who fell in clear, non-muddy rainwater some 25 to 30 feet inside defendant's grocery store. The amount of rainwater was minimal and appeared to be due to customer traffic. The trial court directed a verdict for defendant. Plaintiff appealed to us, arguing that "to exempt storekeepers from a duty of reasonable care based upon a `force of moppers' rationale is inequitable since there are viable alternative methods of making a floor safe." Id. at 676. We disagreed. Mr. Chief Justice Torbert, writing for a unanimous Court, stated:
 "When it rains, surfaces naturally become more slippery than usual — a fact with which a customer is sufficiently familiar. To require a storekeeper to keep a floor completely dry during a rainstorm or to hold him responsible for every slick place due to tracked-in rain water would impose an unreasonable standard of care and would, in effect, make him an insurer of the customer's safety. Of course, each case must be examined in light of its particular circumstances, and where there are unusual accumulations of rain water or other circumstances, due care may require that the storekeeper take affirmative measures such as mopping, applying anti-slip compounds, or posting warnings." Id. at 677.
Because the evidence showed no unusual accumulation of rainwater or "other circumstances," *Page 617 
we affirmed the directed verdict in defendant's favor.
In the instant case, the rainwater had not accumulated in an unusual amount. The evidence showed that Ms. White fell just inside the door because the floor was wet with droplets of clear rainwater in an amount "just enough to be slick."
Nor does the evidence reveal "other circumstances" that would indicate negligence on Wal-Mart's part. Plaintiff attempted to make an issue out of Wal-Mart's failure to place the doormats flush with the doorstep. Doormat placement, however, does not constitute "other circumstances" which would defeat a directed verdict motion. Doormats are one of a conceivable number of safety measures that might be required upon a showing of unusual accumulations of rainwater or "other circumstances." Absent a showing of an unusual amount of rain water, or "other circumstances," Wal-Mart was under no duty to provide floormats.[2] Furthermore, absent a showing that the floormat in some way affirmatively caused the slip and fall (e.g. wrinkled surface; damaged backing; etc.), the floormat itself does not support a cause of action for negligence. Doormat placement, without more, is not negligence.
Thus, on these facts, where plaintiff alleges no design, construction, or condition abnormality, and where the evidence shows no unusual accumulation of rainwater and no "other circumstances," defendant was entitled to a directed verdict — as a matter of law, this was not negligence.
The testimony of plaintiff's expert to the effect that Wal-Mart's safety precautions were inadequate does not alter our resolve or affect our holding that the instant facts, as a matter of law, do not constitute negligence. We turn now to a discussion of why this is so.
 II. Expert Testimony
Wal-Mart argues that this expert's testimony was inadmissible because it concerned a matter of common knowledge. Indeed, "expert opinion testimony should not be admitted unless it is clear that the jurors themselves are not capable, from want of experience or knowledge of the subject, to draw correct conclusions from the facts. The opinion of the expert is inadmissible upon matters of common knowledge." C. Gamble,McElroy's Alabama Evidence § 127.01 (5) (3d ed. 1977).
In Terrell, supra, at 677, we noted, "When it rains, surfaces naturally become more slippery than usual — a fact with which a customer is sufficiently familiar." We do not think that since that pronouncement the average juror has become any less intelligent with respect to the effect of rain on floors. Accordingly, we hold that the admission of this expert's testimony as to the effect of the rainwater on Wal-Mart's floor, in the absence of any claim of design or construction or condition abnormality, was error. But, this concerns only part of the expert's testimony — that part going to causation. We are still confronted with that part of the expert's testimony, the greatest part of it, that went to the issue of Wal-Mart's due care.
We acknowledge and endorse the statement of law set forth in 32 C.J.S. Evidence § 546 (79)(1964):
 "Generally a witness who is familiar with a particular business or particular operations may be permitted to state an inference or judgment with respect to what is or is not due care or proper conduct in connection therewith, where, and only where, the matter is one so far removed from ordinary human experience that a jury will presumably not possess the skill or knowledge requisite to draw a proper inference from the facts."
Furthermore, we recognize that safety precautions, in some situations, may properly *Page 618 
be the subject of expert testimony. See e.g., First NationalBank of Birmingham v. Lowery, 263 Ala. 36, 81 So.2d 284 (1955);see generally, Annot., 62 A.L.R.2d 1426 (1958).
And, yet, "[w]here the facts and rules of law applicable thereto are plain, expert testimony which may lead to an exposition of methods of precaution which would transcend the legal duty of a party is inadmissible." 32 C.J.S., supra, at § 546 (79). As discussed above, in slip and fall cases, we have already enunciated the standard of care for owners of buildings frequented by the public where the alleged negligence is merely rainwater on a non-defectively designed, or constructed, floor. In such a situation, we have held before, and hold again today, that absent an unusual accumulation or "other circumstances," the presence of rainwater on a floor is not a breach of due care. On these facts, as a matter of law, Plaintiff did not meet her burden of proof to sustain a cause of action. Thus, the testimony of plaintiff's expert to the effect that Wal-Mart failed to observe the proper and accepted safety precautions transcended Wal-Mart's legal duty as we have enunciated it. We hold that the trial court erred in allowing this expert to testify on the issue of Wal-Mart's due care. Cf. McDonald'sCorp. v. Grissom, 402 So.2d 953, 955 (Ala. 1981) (expert testimony properly admitted where plaintiff's theory of liability "[did] not rest upon a charge that the defendants had allowed water to accumulate. She contended that . . . the area in front of the door had become worn from traffic. . . . There was also evidence that this area was a different color from the rest, inferentially from spilled food").
To hold otherwise, and allow an expert in a slip and fall case to testify to a higher standard of care than the standard imposed by law, would be to permit the subversion of the legally imposed duty of due care, and render yet another small area of the law susceptible to a "battle of the experts." This we decline to do.
Because we find that, as a matter of law, the instant facts are insufficient to sustain a negligence cause of action, the trial court erred in denying defendant's motion for directed verdict. Therefore, the judgment based upon the jury verdict is due to be, and it hereby is, reversed.
REVERSED AND JUDGMENT RENDERED FOR DEFENDANT.
TORBERT, C.J., and JONES, ALMON, BEATTY and ADAMS, JJ., concur.
FAULKNER, SHORES and EMBRY, JJ., not sitting.
[1] Plaintiff does not allege, nor do the facts reveal, any design or construction abnormality of the floor.
[2] In Gulas, supra, 283 Ala. at 301, 216 So.2d at 279, the defendant did not have floormats, and we found "no evidence to show that defendant's failure to provide a mat constituted a failure to exercise reasonable care."