The plaintiff, James A. Carter, appeals from a judgment entered in his favor on a jury verdict assessing damages of $35,000 on his claim of negligence. We affirm.
This case involves a collision between a vehicle driven by James Carter and one driven by Pickett Junior Lane on the Warrior River Bridge in Jefferson County, Alabama, on July 12, 1988.
Carter, alleging that he sustained injuries as a result of the collision, sued Lane and Treadway Trucking, Inc. (Lane's employer), jointly and severally. The complaint alleged theories of negligence, wantonness, and negligent entrustment. The *Page 1035 
negligent entrustment claim was voluntarily withdrawn prior to trial.
At trial, Lane and Treadway Trucking were granted directed verdicts on the issue of wantonness, at the close of Carter's case-in-chief. The court denied Lane and Treadway's motion for a directed verdict on the negligence claim, and the court submitted that claim to the jury. The jury returned a verdict in favor of Carter, assessing damages at $35,000.
Carter moved for a new trial, alleging inadequacy of the verdict. Specifically, he contended:
 "1. The amount of the verdict is contrary to the weight of the evidence.
 "2. The amount of the verdict bears no reasonable relationship to the evidence.
 "3. The amount of the verdict was grossly insufficient in light of the damages proved in the case.
 "4. The damages awarded by the jury were clearly inconsistent with the damages proved in the case."
The court denied the motion, and Carter appealed.
Although Carter casts his issue in terms of whether the trial court erred in refusing to instruct the jury concerning the plaintiff's claim of wantonness, the essence of his argument is that there was sufficient evidence to allow the jury to decide on the issue of wantonness, an issue not presented to the trial court in his motion for new trial.
This court stated in Kirkpatrick v. Jones, 585 So.2d 828
(Ala. 1991), that a trial court cannot be held in error for failure to rule on a matter not presented to it or decided by it. See also Lowder Realty Co. v. Sabry, 542 So.2d 1240
(Ala. 1989). Therefore, Carter's failure to raise a sufficiency-of-the-evidence argument in his motion for new trial precludes any consideration of the merits of this issue on appeal.
This court recently set out the elements of wantonness inSmith v. Davis, 599 So.2d 586 (Ala. 1992):
 "What constitutes wanton misconduct depends on the facts presented in each particular case. Central Alabama Electric Cooperative v. Tapley, 546 So.2d 371 (Ala. 1989); Brown v. Turner, 497 So.2d 1119 (Ala. 1986); Trahan v. Cook, 288 Ala. 704, 265 So.2d 125 (1972). A majority of this Court, in Lynn Strickland Sales Service, Inc. v. Aero-Lane Fabricators, Inc., 510 So.2d 142 (Ala. 1987), emphasized that wantonness, which requires some degree of consciousness on the part of the defendant that injury is likely to result from his act or omission, is not to be confused with negligence (i.e., mere inadvertence):
 " 'Wantonness' is not merely a higher degree of culpability than negligence. Negligence and wantonness, plainly and simply, are qualitatively different tort concepts of actionable culpability. Implicit in wanton, willful, or reckless misconduct is an acting, with knowledge of danger, or with consciousness, that the doing or not doing of some act will likely result in injury. . . .
 "To be guilty of wanton conduct, one must, with reckless indifference to the consequences, consciously and intentionally do some wrongful act or omit some known duty, and to be actionable, that act or omission must produce the plaintiff's injury. Pate v. Sunset Funeral Home, 465 So.2d 347
(Ala. 1984). Under Alabama law, wanton conduct must be shown by substantial evidence. Alabama Code 1975 § 12-21-12."
A thorough review of the record reveals no substantial evidence of wantonness. Therefore, the judgment is affirmed.
AFFIRMED.
HORNSBY, C.J., and STEAGALL, KENNEDY and INGRAM, JJ., concur. *Page 1036