This is a negligence case.
Katie L. Hutto and her husband, Willard H. Hutto, appeal from a summary judgment in favor of Gold's Gym, Inc. (gym).
Our review of the record reveals the following undisputed facts: On February 26, 1993, Mrs. Hutto was injured when she fell on the gym's premises. Specifically, she fell while exiting through the zipper of a plastic bubble, which surrounded and covered the outdoor swimming pool at the gym.
The zipper of the bubble was located at one end of the pool. In order to enter or exit the bubble, a person would have to unzip the zipper, hold the zipper open, and step over the bottom of the bubble, which was approximately *Page 975 
sixteen inches above the concrete. At the time of Mrs. Hutto's accident, there were no handrails or stairs at the site of the zipper.
On August 4, 1994, the Huttos filed a complaint against the gym, seeking damages for the injuries that Mrs. Hutto received as a result of the fall. Her husband also filed a claim for loss of consortium.
In their complaint the Huttos contended that the gym negligently caused, or allowed, an unreasonably dangerous condition to exist on its premises. Specifically, they contended that the method of entering and exiting the bubble, in the absence of handrails and/or steps, created an unsafe condition.
On February 9, 1996, the gym filed a motion for a summary judgment, along with a brief in support thereof. The Huttos responded with a brief in opposition thereto, supported by the affidavit of an expert witness in the field of safety.
After a hearing the trial court issued an order, granting the summary judgment motion in favor of the gym.
The Huttos appeal.
The only issue on appeal is whether the Huttos presented substantial evidence that the gym breached its duty to exercise ordinary and reasonable care in providing and maintaining a reasonably safe premises.
Rule 56(c), Ala. R. Civ. P., provides that a summary judgment is appropriate in situations where there exists no genuine issue of any material fact and the movant is entitled to a judgment as a matter of law. It is well settled that the moving party has the burden of establishing that no genuine issue of a material fact exists. Porter v. Fisher,636 So.2d 682 (Ala.Civ.App. 1994).
Once the movant makes a prima facie case, showing that no genuine issue of a material fact exists, then the burden shifts to the nonmoving party to present substantial evidence regarding the existence of a genuine issue of a material fact. Porter, 636 So.2d 682.
In determining whether substantial evidence exists to defeat a summary judgment, the reviewing court must view the evidence in a light most favorable to the nonmoving party.Specialty Container Mfg., Inc. v. Rusken Packaging, Inc.,572 So.2d 403 (Ala. 1990).
The gym had the initial burden of making a prima facie case, showing that there was no genuine issue of a material fact and that it was entitled to a judgment as a matter of law. Porter, 636 So.2d 682. It is undisputed that Mrs. Hutto was a business invitee at the time of her fall. We would note that a premises owner is not generally liable for the injuries sustained by an invitee when those injuries resulted from a dangerous condition that was either known to the invitee or should have been observed by the invitee in the exercise of reasonable care. McClendon v. Mountain Top Indoor Flea Market,Inc., 601 So.2d 957 (Ala. 1992).
In support of its motion for a summary judgment, the gym contended that Mrs. Hutto should have known of the alleged danger because she had utilized the pool on at least 25 prior occasions. The gym also relied on the fact that Mrs. Hutto did not know how she fell. Mrs. Hutto stated that her foot did not come into contact with any part of the bubble when she fell. She further testified that she might have told an employee of the gym that she fell because she has a weak leg.
The manager of the gym testified that he did not have any knowledge of anyone else ever falling or otherwise being injured around or in the swimming pool.
Our supreme court, in Marquis v. Marquis, 480 So.2d 1213,1215-16 (Ala. 1985), stated the following:
 "However, not only must the plaintiff have knowledge of the dangerous condition, but the plaintiff also must have a conscious appreciation of the danger posed by the visible condition at the moment the incident occurred. The Court in F.W. Woolworth Co. v. Bradbury, 273 Ala. 392, [396,] 140 So.2d 824 [, 827] (1962), and again in Kingsberry Homes [Corp. v. Ralston, 285 Ala. 600, 607, 235 So.2d 371, 377 (1970)], reaffirmed that '[w]e have long been committed to the proposition that the plaintiff's appreciation of the danger is, almost always, *Page 976 
a question of fact for the determination of the jury.' "
(Emphasis added) (citations omitted).
In support of her contention that the method of entering and exiting the bubble created an unreasonably dangerous condition, Mrs. Hutto testified that the gym catered to senior citizens, especially those with disabilities. Mrs. Hutto, who was sixty-one years old at the time of her accident, testified that she had back problems. She also testified that the oldest person who had used the pool was approximately eighty years old. She also noted seeing persons utilizing crutches and wheelchairs at the gym. Mrs. Hutto inferred that, under these circumstances, it was very foreseeable and probable that someone would fall.
Our supreme court has stated that "[t]he ultimate test of the existence of a duty to use care is found in the foreseeability that harm may result if care is not exercised." Havard v. Palmer Baker Engineers, Inc., 293 Ala. 301,307, 302 So.2d 228, 232 (1974), overruled on othergrounds, Ex parte Insurance Co. of North America,523 So.2d 1064 (Ala. 1988). Therefore, any liability arising from a duty to act must be based on foreseeability. We also note that foreseeability must be based on the probability that harm will occur, rather than the bare possibility. 65 C.J.S. Negligence § 4(3) (1966). See Southern Ry. v. Carter, 164 Ala. 103,51 So. 147 (1909).
While Mrs. Hutto admitted that she did not know exactly what caused her to fall, she did state that on the day of her accident, the bottom of the bubble, especially on the right side, seemed higher than normal. She noted that the bottom of the bubble was secured to the concrete by adding water to the base of the bubble. Mrs. Hutto recalled instances, prior to her injury, when the bottom of the bubble had risen off the concrete. She stated that, in those instances, she observed the manager adding more water to the base of the bubble to "keep the bubble lying flat and close to the concrete."
The expert witness for the Huttos testified as follows:
 "It is my opinion that the arrangement of the pool with the bubble over it with the zipper entry by which the zipper at the bottom would be 16 inches above the pool is an unreasonable hazard. The zipper with a height necessary to clear the zipper of 16 inches at the bottom is an unnaturally high type of a physical stepping motion which coupled with the necessity to open the zipper as well as the restricted view, constituted a type of situation which required unnatural movement and one likely to lead to an accident. It is the general consensus in safety that steps or any type of riser step should be between nine to eleven inches, and that height is the height in which a normal individual is used to transversing when using steps and picking up their legs to clear any type of entrance or exit. . . . For an individual to pick up the foot 16 inches as opposed to nine or eleven inches will produce more interference with body mechanics and would have the greater likelihood of creating an imbalance in body mechanics. . . . . Additionally, if there is any physical impairment, as well as increased age of clients using the pool and exiting through the zipper, there is an increased risk of falls. . . ."
(Emphasis added.)
The trial court, in its order dated March 29, 1996, stated the following:
 "[B]ecause [Hutto] cannot state what caused her to fall, she failed to present substantial evidence that it was indeed the absence of steps and/or handrails which did cause her to fall. . . . .
 "Moreover, the court is not persuaded by the proposed expert testimony . . . and expressly determines that such is inappropriate under the circumstances due to [Hutto's] failure to present substantial evidence that the [gym] breached any duty owed to her. Wal-Mart Stores, Inc. v. White, 476 So.2d 614 (Ala. 1985). This court refuses to allow an expert in a case of this type to testify to a higher standard of care than that which is imposed upon the defendant by law. Id. at 618."
The trial court, in relying on the authority ofWal-Mart Stores, Inc. v. White, *Page 977 476 So.2d 614 (Ala. 1985), obviously did not consider the expert's testimony.
In Wal-Mart, our supreme court stated that "absent a showing that [the absence of handrails and/or steps] in some way affirmatively caused the slip and fall . . ., the [absence of handrails and/or steps] itself does not support a cause of action for negligence." Id. at 617. The court further stated that an expert witness should not be allowed to form an opinion regarding matters of which jurors have common knowledge. Id. at 617.
In this case we conclude that the Huttos did present substantial evidence that the method of entering and exiting the bubble, absent something to grasp onto, created a unreasonably dangerous condition, especially considering the age of the customers and the probability that such an accident could occur. We also note that Mrs. Hutto's testimony, that the bottom of the bubble seemed higher on the day of her accident, further raises the question of whether the bubble, as constructed, created an unreasonably dangerous condition.
We further note that the expert's testimony was admissible since it did not concern a matter of common knowledge.
Clearly, when viewed in a light most favorable to the Huttos, the record is replete with evidence indicating the existence of factual questions for a jury, thereby precluding a summary judgment. We conclude that the Huttos presented substantial evidence that the entrance of the bubble was not maintained in a reasonably safe condition and that this unsafe condition could have very well caused Mrs. Hutto's fall. Additionally, we would note that a summary judgment is rarely appropriate in negligence and personal injury cases.Cabaniss v. Wilson, 501 So.2d 1177 (Ala. 1986).
The facts of this case are remarkably similar to those ofBishop v. South, 642 So.2d 442 (Ala. 1994). On the authority of that case, we conclude that there existed a genuine issue of a material fact on the question of whether the entrance of the bubble posed an unreasonably dangerous condition.
In light of the above, the judgment of the trial court is due to be reversed and the case remanded to the trial court for proceedings consistent with this opinion.
The foregoing opinion was prepared by Retired Appellate Judge RICHARD L. HOLMES while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e), Code 1975.
REVERSED AND REMANDED.
ROBERTSON, P.J., and YATES, MONROE, and CRAWLEY, JJ., concur.
THIGPEN, J., not sitting.