710 So.2d 1258 (1997)
Milton BOYD
v.
WAL-MART STORES, INC., et al.
2960724.
Court of Civil Appeals of Alabama.
September 5, 1997.
Rehearing Denied October 17, 1997.
Certiorari Denied February 20, 1998.
*1259 A. Riley Powell IV of Powell, Peek & Weaver, Andalusia, for appellant.
K. W. Michael Chambers and R. Scott Hetrick of McRight, Jackson, Dorman, Myrick & Moore, L.L.C., Mobile, for appellees.
Alabama Supreme Court 1970213.
PER CURIAM.
Milton Boyd sued Wal-Mart Stores, Inc., and its employees, managers Brian Wilson and Joe Shirley, alleging that they had acted negligently or wantonly in failing to maintain a reasonably safe premises at the Wal-Mart store in Daphne. After a hearing, the trial court entered a summary judgment in favor of Wal-Mart Stores, Wilson, and Shirley. Boyd appealed to the Alabama Supreme Court, which transferred the case to this court pursuant to § 12-2-7(6), Ala.Code 1975.
A motion for summary judgment may be granted only when there is no genuine issue of material fact and the moving party is entitled to a judgment as a matter of law. Rule 56(c), Ala. R. Civ. P.; Crowne Investments, Inc. v. Bryant, 638 So.2d 873 (Ala. 1994). The burden is on the moving party to show that there is no material fact in dispute; the evidence is to be viewed in the light most favorable to the nonmovant, and all reasonable inferences are to be drawn in that party's favor. Id.
Rule 56 is read in conjunction with the "substantial evidence rule," § 12-21-12, Ala. Code 1975. See Bass v. SouthTrust Bank of Baldwin County, 538 So.2d 794, 797-98 (Ala. 1989). To defeat a defendant's properly supported motion for summary judgment, the plaintiff must present substantial evidence, i.e., "evidence of such weight and quality that fair-minded persons in the exercise of impartial judgment can reasonably infer the existence of the fact sought to be proved." West v. Founders Life Assurance Co. of Florida, 547 So.2d 870, 871 (Ala.1989).
The evidence, when viewed in a light most favorable to Boyd, tended to show the following. On December 3, 1994, Boyd went to the Wal-Mart store in Daphne during a hard rain. In his deposition, he said he went through the entrance area without a mishap, but that as he entered the store, he slipped. *1260 Boyd said that he caught himself on the handle of the door and in doing so cut his right hand. He said that where he slipped there were streaks of water and drops the size of quarters on the floor. The "greeter," Howard Hess, helped Boyd to the store's service desk, where another employee bandaged the cut.
After having his hand bandaged, Boyd turned to leave the service desk and slipped again. This time, Boyd fell to the floor and injured his left arm. He said that there was a lot of water on the floor around the service desk, and that it looked as though wet carts had been running through the water on the floor in that area.
Boyd said there were no mats around the service desk. Wal-Mart employees testified that warning signs had been put up near the entrance, but Boyd said he did not see them.
A storekeeper has "`a duty to exercise reasonable care in providing and maintaining reasonably safe premises for the use of his customers.'" Strahsburg v. Winn-Dixie Montgomery, Inc., 601 So.2d 916 (Ala. 1992) (quoting Cox v. Western Supermarkets, Inc., 557 So.2d 831 (Ala.1989)). In exercising reasonable care, the shopkeeper need not ensure the safety of his customers; he "is liable only if he negligently fails to maintain the premises of the store in a reasonably safe condition." Strahsburg, supra.
The shopkeeper is not required to stand constant vigil with a mop or towel on rainy days. Gulas v. Ratliff, 283 Ala. 299, 216 So.2d 278 (1968). However, he must use due care to take measures intended to prevent accidents when there are "unusual accumulations of rainwater." Terrell v. Warehouse Groceries, 364 So.2d 675, 677 (Ala. 1978).
In his deposition, Boyd said that he would consider the amount of water on the floor at Wal-Mart the day he fell to be unusual. Evidence also tends to show not only that water was in the doorway, where one would expect the floor to be wet on a rainy day, but that the floor was wet even in the area around the service desk. What constitutes an "unusual" accumulation of water is a fact question that should be answered by the jury. Boyd presented substantial evidence to create a question whether there was an unusual accumulation of rainwater on the floor.
Similarly, whether Wal-Mart exercised due care in tending to the accumulation of rainwater is also a question of fact for the jury. See Barnett v. Norfolk Southern Ry., 671 So.2d 718 (Ala.Civ.App.1995); Adams v. Coffee County, 596 So.2d 892 (Ala.1992). We cannot say that, as a matter of law, the evidence before us shows that Wal-Mart, Wilson, and Shirley were not negligent. See, Strahsburg, supra, and King v. Winn-Dixie of Montgomery, Inc., 565 So.2d 12 (Ala.1990). Therefore, the trial court erred in entering a summary judgment for the defendants on Boyd's negligence claim.
Boyd also contends that the trial court erred in entering a summary judgment for the defendants on his claim of wantonness. Specifically, he claims that the greeter, Hess, would "bump" the incoming shopping carts to remove water. Boyd seems to contend that because the defendants knew that shaking water from the carts would cause puddles, they are guilty of wanton conduct.
"To be guilty of wanton conduct, one must, with reckless indifference to the consequences, consciously and intentionally do some wrongful act or omit some known duty." Carter v. Treadway Trucking, Inc., 611 So.2d 1034, 1035 (Ala.1992). In other cases, the Alabama Supreme Court has stressed that wantonness is not to be confused with negligence, nor is wantonness simply a higher degree of culpability than negligence. Ex parte Anderson, 682 So.2d 467 (Ala.1996); Lynn Strickland Sales & Service, Inc. v. Aero-Lane Fabricators, Inc., 510 So.2d 142 (Ala.1987). In Lynn Strickland Sales & Service, Inc., the Alabama Supreme Court explained the difference between negligence and wantonness.
"Negligence and wantonness, plainly and simply, are qualitatively different tort concepts of actionable culpability. Implicit in wanton, willful, or reckless misconduct is an action, with knowledge of danger, or with consciousness, that the doing or not *1261 doing of some act will likely result in injury....
"Negligence is usually characterized as an inattention, thoughtlessness, or heedlessness, a lack of due care; whereas wantonness is characterized as an act which cannot exist without a purpose or design, a conscious or intentional act. `Simple negligence is the inadvertent omission of duty; and wanton or willful misconduct is characterized as such by the state of mind with which the act or omission is done or omitted.' McNeil v. Munson S.S. Lines, 184 Ala. 420, [423], 63 So. 992 (1913)."
510 So.2d at 145-46 (citations omitted).
Boyd did not present any evidence of Hess's state of mind or of the state of mind of any of the named defendants. Furthermore, in his deposition, Boyd said he did not fall where Hess was bumping the water from the carts. Instead, he says, other customers were tracking through the water coming off the shopping carts and were thereby spreading the water around. There is no evidence that Hess had knowledge that shaking water off incoming shopping carts in one area would be dangerous or likely to cause injury to shoppers in another area. Furthermore, Boyd presented no evidence that Wilson or Shirley was aware that Hess was bumping carts.
Boyd failed to present substantial evidence of wanton conduct on the part of any of the defendants. Evidence that an act took place, without evidence that the actor was conscious that the act was likely to cause injury, is not enough to sustain a claim of wantonness. Because Boyd failed to present substantial evidence of wanton conduct on the part of Hess or of any of the named defendants, the summary judgment in favor of the defendants was proper as to Boyd's claim of wantonness.
The summary judgment is reversed as to the negligence claim; it is affirmed as to the wantonness claim. This cause is remanded for further proceedings.
AFFIRMED IN PART; REVERSED IN PART; AND REMANDED.
YATES and MONROE, JJ., concur.
ROBERTSON, P.J., concurs in the result.
THOMPSON, J., concurs in part and dissents in part.
CRAWLEY, J., recuses.
THOMPSON, Judge, concurring in part and dissenting in part.
I concur with the per curiam opinion regarding Boyd's claim of wantonness. However, I do not believe that Boyd presented substantial evidence that would defeat Wal-Mart's motion for a summary judgment on the claim of negligence. As to that claim, I dissent.
Generally, when a foreign substance on the floor causes a plaintiff to fall on the storekeeper's premises, if the storekeeper had notice and was negligent in allowing the substance to remain on the floor, the storekeeper is liable for the injuries to the plaintiff. Phar-Mor, Inc. v. Goff, 594 So.2d 1213 (Ala. 1992). However, the storekeeper is not under a duty to keep his floors completely free of rainwater being tracked in by customers. Terrell v. Warehouse Groceries, 364 So.2d 675, 677 (Ala.1978). The exception to this rule is "when there are unusual accumulations of rainwater"; in that circumstance, "due care may require that the storekeeper take affirmative measures such as mopping, applying anti-slip compounds, or posting warnings." Id.
In support of its motion for a summary judgment, Wal-Mart submitted the affidavit of Hess and portions of Boyd's deposition. Those submissions established that the store personnel had placed warning signs and cones in the entrance area of the store and that Boyd could not say that no signs were present when he fell; he testified that he did not recall seeing any warning signs or cones. Boyd presented no evidence that Wal-Mart had failed to post warnings about the rainwater on the floor.
Boyd testified that he saw the accumulated rainwater, that it was clear that that water was tracked in by the large number of customers and their shopping carts, and that he proceeded to the service desk carefully because of the water on the floor. It seems *1262 that Boyd would have Wal-Mart be liable for any injury to him that occurred on the store's premises, even where the risk of injury was apparent to him. This argument would require, in effect, that Wal-Mart become the insurer of Boyd's safety. However, "the law doesn't say that for every injury there is a remedy. It says for every wrong there is a remedy." Shaw v. City of Lipscomb, 380 So.2d 812, 814 (Ala.1980) (quoting the brief of the defendant; emphasis omitted). No presumption of negligence arises from the fact that an injury to a customer occurs on the shopkeeper's premises. Hose v. Winn-Dixie Montgomery, Inc., 658 So.2d 403 (Ala.1995).
Boyd failed to present substantial evidence that an unusual amount of rainwater had accumulated on the store's floor. He testified that the floor was "just wet" and that the water was falling from other customers' shopping carts. However, even assuming that there was substantial evidence of an unusual accumulation of rainwater, there is uncontroverted evidence that Wal-Mart posted warning signs in the area where rainwater was on the floor. See Terrell v. Warehouse Groceries, supra. Therefore, I dissent.