MADDOX, Justice
(dissenting).
The trial judge properly entered the summary judgment, with the following order:
“On March 7, 1996, this cause came before this Court upon Motion for Summary Judgment filed by the defendant. After considering said motion, along with defendant’s memorandum of law in support thereof, plaintiffs response to said motion for summary judgment, and plaintiffs memorandum of law in opposition to said motion, the Court makes the following determinations:
“The plaintiff, Katie L. Hutto, was a member of the defendant, Gold’s Gym, located in Jasper, Alabama, on February 26, 1993. On that date, she fell while in the process of exiting the zipper of a plastic bubble enclosure which surrounded the swimming pool at Gold’s Gym. This zipper was located at one end of the bubble and was situated so that its bottom was approximately sixteen inches above the concrete. There were no steps or handrails in place at this zipper. The evidence is undisputed that the plaintiff does not know what caused her to fall. Her testimony further indicates that she did not slip on any water which may have accumulated, and her foot did not come in contact with this bubble enclosure as she was exiting it.
“The defendant presented evidence that the plaintiff had entered and exited this bubble, as it was on the day of her accident, on numerous prior occasions without incident. Defendant further presented evidence that there had been no prior accidents and/or injuries occurring in or around its swimming pool, and specifically, evidence that there had been no prior accidents or injuries associated with the bubble surrounding its swimming pool. The court determines this evidence to be undisputed, as plaintiff failed to present substantial evidence in rebuttal thereto.
“A premises owner owes its invitee a duty to keep said premises in a reasonably safe condition and to warn of any hidden dangers or defects on the premises which are known to the owner, but unknown to the invitee. Raspilair v. Bruno’s Food Stores, Inc., 514 So.2d 1022 (Ala.1987). A premises owner does not owe a duty to warn an invitee of dangers which are open and obvious or that should be known to an invitee in the exercise of reasonable care. Id. In order to prevail in a premises liability case, the plaintiff must prove that her injury was brought about by a defect which was on the premises as a result of the defendant’s negligence and that the defendant had or should have had notice or knowledge of the defect at the time of the accident. Edwards v. Hammond, 510 So.2d 234 (Ala.1987).
“The plaintiff argues that the bubble surrounding the defendant’s swimming pool was unreasonably dangerous in that the defendant failed to place steps and/or handrails at its entrance/exit. She further argues, despite her deposition testimony, that it was the absence of steps and/or handrails at the bubble exit which caused her to fall. In support of this argument, plaintiff presented the affidavit of Edward L. Delaney, an expert in the area of safety.
“The court is not persuaded by the plaintiff’s argument and finds it to be without merit. Plaintiff has presented no evidence that the absence of steps and/or handrails at the bubble exit of the defendant’s swimming pool constituted a defect on the defendant’s premises. However, even assuming that such did constitute a defect, the undisputed evidence is that the plaintiff was aware of it, as shown by her testimony that she had entered and exited this bubble without the presence of steps or handrails on numerous prior occasions without incident. If the absence of steps or handrails was a defect, it was not hidden from the plaintiff, and thus, the defendant did not owe a duty to warn her of that condition. Allen v. Knotts, 514 So.2d 955 (Ala.1987). The court is further persuaded in this regard by the defendant’s argument that because the plaintiff cannot state what caused her to fall, she failed to present substantial evidence that it was indeed the *979 absence of steps and/or handrails which did cause her to fall. In order to conclude that the cause of the accident was the absence of steps and/or handrails, this court would have to rely on mere speculation and/or conjecture, and such does not satisfy the plaintiff’s burden to offer sufficient facts to defeat the defendant’s properly supported Motion for Summary Judgment. Hose v. [Winn-Dixie Montgomery, Inc.], 658 So.2d 403 (Ala.1995).
“Moreover, the court is not persuaded by the proposed expert testimony of Mr. Delaney and expressly determines that such is inappropriate under the circumstances due to the plaintiffs failure to present substantial evidence that the defendant breached any duty owed to her. Wal-Mart Stores, Inc. v. White, 476 So.2d 614 (Ala.1985). This court refuses to allow an expert in a case of this type to testify to a higher standard of care than that which is imposed upon the defendant by law. Id. at 618.”
C.R. 1045-47.
I agree with the trial judge on the law. Therefore, I dissent.
SEE, J., concurs.