PITTMAN, Judge,
concurring in part and concurring in the result.
I concur in that portion of the opinion affirming the trial court’s judgment. As to the reversal of the trial court’s judgment concerning Geanie Shannon Brown’s wantonness claim against Jerry Dewayne Brown, I concur in the result. The logic of the principle that bars compensability of mental-anguish damages in a negligence context when no physical injury or immediate risk of physical injury is shown by that plaintiff, a principle most notably summarized by the supreme court in ABA-LAR, Ltd. v. Francis, 716 So.2d 1141,1148 (Ala.1998), arguably has the same force in a wantonness context — after all, the principal distinction between the two qualities of tort is the state of mind of the actor (see, e.g., Boyd v. Wal-Mart Stores, Inc., 710 So.2d 1258, 1260-61 (Ala.Civ.App. 1997)). However, I am bound, pursuant to Ala.Code 1975, § 12-3-16, by the supreme court’s more recent statement, in Birmingham Coal & Coke Co. v. Johnson, 10 So.3d 993, 1000 (Ala.2008), that “damages for mental anguish and emotional distress are proper ... in tort cases in which ... the defendant’s action constitutes wantonness .... ” Any limitation to be imposed upon the breadth of that statement is outside the purview of an intermediate appellate court.